## O'Malley *v.* Quigg et al.

[No. 21,342. Filed June 1, 1909.]

1. Extradition.— *Fugitives.— Who Are.— Criminal Law.—Habeas Corpus.*—In a *habeas corpus* proceeding by an alleged fugitive from justice held upon a requisition, he is entitled, under §1899 Burns 1908, Acts 1905, pp. 584, 590, §32, to a discharge, where he proves that he was not in the demanding state at the time of the commission of the alleged offense. p. 351.

2. Appeal.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 352.

From Lake Superior Court; *John A. Gavit,* Special Judge.

Action by George B. Quigg, Jr., and others, against John O'Malley. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Oliver & Mecartney, Fred Barnett, E. M. Swain* and *A. M. Strong,* for appellant.

*Elmer D. Brandenburg, George B. Quigg* and *John P. McDonald,* for appellees.

Hadley, J.—*Habeas corpus.* Appellee, a resident of Lake county, Indiana, was arrested upon a warrant issued by the

Governor of this State, upon a requisition from the Governor
of Illinois for the return of appellee to that state, as a
fugitive from justice, the offense charged against him in
Illinois being the conspiring with others forcibly to enter
upon and take possession of certain real estate belonging to
a land company.  Appellee was taken before the superior
court, and identified as the person wanted, and was there-
upon turned over to appellant, O'Malley, as the agent of the
State of Illinois, for a return to that state.  Whereupon ap-
pellee instituted this proceeding for a writ of *habeas corpus*
for his release from the custody of O'Malley.  The petition
for the writ is formal, under the statute, and alleges that
the pretended ground of restraint is that appellee is a fugi-
tive from justice from the state of Illinois under an indict-
ment, a copy of which is appended, and that said restraint
is illegal.  O'Malley's return to the writ set forth the requi-
sition proceedings, and prayed that the writ be quashed, and
appellee remanded to his custody.  To this return, appellee
filed a pleading, denominated exceptions to the return, alleg-
ing, among other things, that the petitioner is not a fugitive
from justice from the state of Illinois, and was not in the
state of Illinois at the time said alleged offense was com-
mitted; and that the indictment copied in the return does
not charge a public offense, and is void under the laws of
Illinois.  Upon the issues thus formed there was a trial by
the court, and a finding and judgment for appellee that he
be discharged from custody.  The overruling of appellant's
motion for a new trial, based on the ground that the finding
of the court is not sustained by sufficient evidence and is
contrary to law, is the only proper assignment.

The only material question of fact, under the issues, de-
terminable from the evidence, is: Was appellee a fugitive
from the justice of the state of Illinois?  Our stat-
1.  ute (§1899 Burns 1908, Acts 1905, pp. 584, 590, §32)
provides: ''No citizen or resident of this State shall
be surrendered under pretense of being a fugitive from jus-

tice from any other state or territory, where it shall be clearly made to appear to the court or judge holding such examination that such citizen or inhabitant was in this State at the time of the alleged commission of the offense, and not in the state or territory from which he is pretended to have fled; and in such case, the court or judge holding such examination shall discharge the person arrested, and forthwith report the facts to the Governor.'' Under this statute a citizen or resident of this State, restrained of his liberty by virtue of an extradition proceeding against him, is entitled to show that his restraint is illegal and wrongful, because he was not in the demanding state at the time the alleged offense was committed, nor in a place or situation to render it possible for him to be the real offender sought. *Hartman* v. *Aveline* (1878), 63 Ind. 344, 30 Am. Rep. 217; Hurd, Habeas Corpus (2d ed.), *606; Spear, Extradition (2d ed.), 380.

The evidence in the record exhibits some conflict in the testimony, but the judge had the witnesses before him, and could observe and consider their manner, their intelligence, their apparent fairness and freedom from prejudice, as well as their opportunities for knowledge of the things about which they testified, and his finding and judgment in favor of the petitioner are beyond our authority to disturb.

Judgment affirmed.