## WILLIAM WALDSTIEN v. THE STATE.

### *No. 7025.  Decided June 27.*

**Unlawful Sale of Liquor—Fact Case.**—It is a principle of the criminal law that "whenever the thing done is not within the mischief evidently intended by the statute, though within its words, the deed is not punishable." The proof in this case (for a summary of which see the opinion) shows a violation of the letter of the statute denouncing the offense of unlawfully selling intoxicating liquor to a minor, but not a violation of the spirit of the statute, and hence the conviction must be set aside.

APPEAL from the County Court of Falls.  Tried below before Hon. S. R. Scott, County Judge.

The opinion discloses the case.  The penalty assessed was a fine of $25.

*B. H. Rice,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for knowingly selling intoxicat-

ing liquor to Nelson Lawson, a minor, without the written consent of the parent of said Nelson Lawson.

The facts are that Nelson Lawson was a minor; that on Cristmas day, 1889, he purchased from the defendant twenty-five cents worth of whiskey, falsely representing to the defendant that his mother was very sick, and that his father, who could not leave her, had sent him there for the whiskey for his sick mother's immediate use. It was shown that his mother was a weak and delicate woman who frequently used whiskey in her sickness, and that this boy had been sent by his parents to other saloons in Marlin for whiskey without written orders from them or from either of them, and that he had frequently carried whiskey thus purchased to his home, being compelled to pass defendant's saloon on his way from town. Defendant's saloon was the nearest to his father's house and directly on the route. The boy was the only child, and no one else stayed at the home but the father and mother.

On cross-examination the minor testified that he told the defendant that his mother was sick, and that his father had sent him in a hurry for some good whiskey for her; that defendant demanded of him a written order, to which demand he replied that he did not have one, but that his father had sent him off in a hurry for the whiskey, as his mother was very sick; that the defendant then asked him why his father did not come for the whiskey himself, to which he replied that his mother was so sick that his father could not leave her. Under these circumstances the defendant sold the boy a pint of whiskey.

Was he guilty of violating the statute? We are of the opinion that he was not. The letter of the law was violated, but not its spirit. We think that the familiar principle which runs through all criminal jurisprudence—that the mind must be guilty—applies in this case. It is true that defendant sold the whiskey to a minor, knowing him to be a minor, without the written consent or order from either of his parents, but he believed he was making the sale to the parents of the minor. Let it be supposed that what the boy told had been the truth. Would defendant have been guilty? We think not. Was he cautious in this transaction? He was; using every reasonable means to prevent deception, but was foiled by the falsehoods of the boy. Is there any reason tending to show that defendant knew or even suspected that the boy was lying? There is not.

Mr. Bishop says: "Criminal statutes may be either expanded or contracted in their meaning by interpretation, so as to exempt from punishment those who are not within their spirit and purpose. Otherwise expressed, whenever the thing done is not within the mischief evidently intended by the statute, though within its words, the deed is not punishable." Bish. Stat. Crimes, 220.

He further says: "Whatever may be said of any particular application of the doctrine, the doctrine itself when properly applied is highly just

and beneficial. Criminal punishment should be kept within the conscience of mankind, and be withheld where it refuses assent. In the nature of things statutes can not be so framed as to meet every possible unforeseen and even foreseen case thereafter to arise, which, while within the terms of their main provisions, is still outside of their spirit and purpose. And what can not be done the court should understand as not having been attempted. Therefore, though a case in judgment is within the letter of the statute, if they can see that it is exceptional to its spirit and purpose, and so the law-makers did not mean punishment for it, they ought not to inflict the punishment. Let the result of an action be what it may, we hold a man guilty simply on the ground of intention, or on the same ground we hold him innocent. The calm judgment of mankind keeps this doctrine among its jewels."

Under an ancient law whoever drew blood in the streets should be punished. This statute did not apply to a surgeon who opened the vein of a person who fell down in the street with a fit. In that case the surgeon violated the letter but not the spirit of the statute. So in this case. Let us suppose that the boy had told the truth; would not the defendant, by refusing him the whiskey because no written order from the parent was forthcoming, have shown himself destitute of the ordinary principles of humanity? He would have been a brute, without conscience, and mankind would have justly held him in contempt. Believing the boy, he acted as any gentleman would have acted, and his act should be commended and not punished. To sustain this conviction would render the law contemptible in the estimation of all honorable men. It would be an embargo upon humane conduct.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.