## MRS. R. COOK v. THE STATE.

### No. 2276. Decided February 27, 1901.

**1. Disorderly House—Construction of Statute.**

Penal Code, article 359, denouncing the offense of keeping a disorderly house, has been construed to apply only to the owner, lessee, or tenant of the house.

**2. Same—Evidence Insufficient.**

See opinion for facts stated which are held insufficient to support a conviction for keeping a disorderly house.

APPEAL from the County Court of Parker. Tried below before Hon. D. M. ALEXANDER, County Judge.

Appeal from a conviction for keeping a disorderly house; penalty, a fine of $200.

The opinion states the case.

*Jas. C. Wilson, Martin & Martin,* and *A. B. Flanary,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of keeping a disorderly house, and her punishment assessed at a fine of $200. It is only necessary to consider one assignment of error; that is, do the facts sustain the verdict and judgment? The statute concerning the keeping of disorderly houses, under which this prosecution was instituted (article 359, Penal Code), has been construed, and it is held that the offense of keeping a disorderly house can only be committed by one who is the owner, lessee, or tenant. Mitchell v. State, 34 Texas Crim. Rep., 311; Carlton v. State (Texas Crim. App.), 51 S. W. Rep., 213;

Sparks v. State, Id., 1120. The proof in this case shows that the fee of the property was in Zazle Houghton, a daughter of appellant, who also resided at the house, and there was no proof that showed appellant was lessee or tenant of the premises. To give full effect to the State's evidence on this subject, it showed that appellant, who was the mother of the owner, Zazle Houghton, exercised a certain degree of control or supervision; that she called the house hers, and invited men there, and that she let men in and out at the door; and that she rendered the property for taxes, and paid the taxes thereon. She occupied one room of the house, evidently by sufferance, and, according to the testimony, was herself a prostitute. We do not believe that her occupancy of one room, and the fact that she was a prostitute, constituted her a tenant or a lessee of the house. Under the statute, she must be either the owner, the tenant, or lessee, and, in addition to one of these, she must also keep, or be concerned in keeping, the house as a resort for prostitutes. She may have been concerned in keeping the house, but the proof does not show that she was either the owner, lessee, or tenant of the house in question. Accordingly, the conviction can not be sustained. The judgment is reversed and the cause remanded.

*Reversed and remanded.*