### CARROLL BATES v. THE STATE.

No. 2743. Decided October 14, 1903.

**Disorderly House—Ownership—Tenancy.**

One charged with keeping a disorderly house, who does not own the house, who is not holding it adversely to the owner, and who has no right of tenancy thereof by contract, either express or implied, no privity existing between him and the owner or the latter's agent, and who is a naked trespasser by temporary entry of said house with others and a prostitute with whom they have carnal intercourse, is neither the owner nor the tenant of said house and not guilty of keeping a disorderly house.

Appeal from the County Court of Comanche.  Tried below before Hon. W. C. Jackson, county judge.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200.

The opinion sufficiently states the case.

*Joiner & McMillan,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of keeping a disorderly house, and his punishment assessed at a fine of $200, hence this appeal.

By bills of exceptions 1 and 2, appellant excepted to the charge of the court defining a disorderly house, and to the refusal of requested charges on the same subject.  These charges relate to the question of tenant under the statute.  The charge given is as follows: "I charge you that a tenant is one who holds or possesses lands by any kind of right, the title being in another person.  One who has an occupation or temporary possession of lands or tenements, whose title is in another; and who has the actual possession, control and management and occupancy."  Appellant's requested charge was to the effect that the jury could only convict appellant as the owner, lessee or tenant of such house, and that there was no evidence in the case showing that defendant was either the owner, lessee or tenant of such house; and accordingly, to acquit defendant. We have carefully examined the statement of facts on this subject, and, in our opinion, the evidence does not show that appellant was a tenant in legal contemplation of the house in question, and without criticising the charge as given, in our opinion the judge should have instructed the jury as requested.  The evidence showed that a woman by the name of Dollie Smith came to the town of Comanche.  It appears that she stopped one night at the hotel in said town, and on the next evening was about to leave on the train for Brownwood, where she lived; that appellant, with others, persuaded her to stay all night, and she promised to do so, if they would get her a place to stop.  It was suggested by appellant that there was a vacant room he knew of, and that he could get the key and she could stay in there.  The house in question belonged to Spencer & Co., who did a lumber business in said town, and C. W. Bryant was their manager.  This was a two-story house, having one room below and one above.  The lower room, by permission of Bryant, was occupied by Powers and Dodson, who were painters.  The upper room was unoccupied, but had been used for sometime before as a bedroom by some parties.  Only the door to the lower room was locked, and with the key to this door access could be had to the upper story. After the suggestion made as to the room, appellant, Carroll Bates, went to see if he could get a key from Powers and Dodson, and he succeeded in getting

the key, and after awhile came back to the depot, where Dollie Smith with several boys were waiting. They then proceeded to the house in question, and the door was unlocked by Chilt Carnes, and the woman went in. During that night and the ensuing day, and a part of the next night, appellant, as well as a number of other boys, had intercourse with this woman in that room. Both Powers and Dodson denied that they had any knowledge appellant was using the room for the purpose of having carnal intercourse with the woman, and both denied appellant got any key from them. Bryant also denies that he had any knowledge the parties were in said room. The question is, under these circumstances, was appellant a tenant of said room, and as such used the same as a disorderely house? It may be conceded that the room was used by appellant and others for having carnal intercourse with Dollie Smith, and if he was a tenant of said room, as contemplated under article 361, Penal Code, he would be the keeper of a disorderly house, as the character of the house does not depend on the number of prostitutes inhabiting or visiting said house. See Sallie Ramey v. State, 45 S. W. Rep., 489. However, to constitute tenancy, it occurs to us that the keeper of such house must have some right to a tenancy thereof by contract, express or implied; in other words, he must have a landlord. There must be some privity between him and the owner, or some agent of such owner who is authorized to rent or lease the premises. In this case at the most appellant was a trespasser, and by some means procured a temporary entry into said house, and used it not for profit, as is usual in keeping a bawdy house, but for the purpose on the part of himself and others, during two nights and one day, of having carnal intercourse with the woman, whom the proof shows to have been a prostitute. We are not holding here that a trespasser might not gain possession of a house and hold it as against the true owner and occupy it for the purposes of prostitution. In such case he might be considered the owner, as holding adverse to the real owner, or the circumstances might, as between him and the true owner, shown an implied tenancy; but that is not the case here. The facts are not as strong as in Cook v. State, 61 S. W. Rep., 307; 2 Texas Ct. Rep., 15. In that case we held appellant was not a tenant. And see White v. Maynard, 111 Mass., 253; 15 Am. Rep., 28. The judgment is reversed and the cause remanded.

*Reversed and remanded.*