BILLY STRONG v. THE STATE.

No. 3798. Decided November 13, 1907.

**1.—Gaming—Public Gaming House—Definition of Offense.**

See opinion with reference to the repeal of the Act of the Twenty-ninth Legislature by the Act of the Thirtieth Legislature.

**2.—Same—Accessories—Accomplices—Principals—Charge of Court.**

In misdemeanors all particeps criminis before the fact are guilty as principals, and where the accused is charged with being a principal in a misdemeanor, and the evidence shows that he was either a principal or an accomplice, he would be a principal, and could be convicted as such.

**3.—Same—Accessories Before the Fact—Accomplices.**

In Texas we have no accessories before the fact defined as such, but they are termed under our law accomplices. An accessory under the law of Texas, is one who knowing that an offense has been committed conceals the offender, or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence, and therefore can not be connected with the commission of the crime.

**4.—Same—Charge of Court—Accessory.**

Upon trial charging defendant with being the proprietor, manager, etc., of a public gaming house, a charge of the court. which authorized the conviction of defendant as an accessory, was not warranted, by the law, and is reversible error.

**5.—Definition of Offense—Charge of Court.**

Under a prosecution for running a public gaming house, etc., it is necessary that the offending party be either the proprietor, the manager, or that he has in some way control of, or runs the public gaming place; unless he is so connected with it, he cannot be guilty, and the court should so instruct the jury.

**6.—Same—Circumstantial Evidence.**

Where upon trial for running, etc., a public gaming house, the evidence was entirely circumstantial, the facts must be strong enough to exclude every reasonable hypothesis, that the defendant was connected with the offense either as proprietor, manager, or that he was in control of or ran a public gaming house as alleged.

**7.—Same—Argument of Counsel Must Keep Within Record.**

See opinion for comment of the court in advising counsel of keeping strictly within the record in their argument before the jury.

Appeal from the County Court of Dallas. Tried below before the Hon. Hiram F. Lively.

Appeal from a conviction for unlawfully running a public gaming house; penalty, a fine of $500, and ninety days confinement in the county jail.

The opinion states the case.

*Davis & Bushong,* and *Barry Miller* and *Muse & Allen,* for appellant.—On question of the charge of the court on accessories, and special charges refused. Pollard v. State, 33 Texas Crim. Rep., 197; 26 S. W. Rep., 70; Smith v. State, 27 Texas Crim. App., 196; 11 S. W. Rep., 113; Wright v. State, 47 Texas Crim. Rep., 433, 93 S. W. Rep., 548.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The Twenty-ninth Legislature enacted the following statute: "If any person shall be the proprietor, manager, or in any way have control of, or run a public gaming house, he shall be fined, etc."

Appellant was convicted for violating the terms of this statute. Several attacks are made upon the law, among others, one to the effect that the law is indefinite; so much so that it is incapable of being enforced in that it fails to define what is a public gaming house. It may not be necessary to decide that question, in view of the fact that the Thirtieth Legislature has repealed this law by a different definition and different punishment. The Act of the Twenty-ninth Legislature will be found on page 26 of the acts of that body; that of the Thirtieth Legislature on page 107 of the acts of that body. There may be no more cases under the Act of the Twenty-ninth Legislature by reason of its repeal.

Many exceptions were taken to the charge of the court and quite a number of special charges requested to cover the supposed defects or illegal charge of the court. Among other things, the court defined accessories, accomplices, and principals, and then charged the jury; "Now if you find and believe from the evidence beyond a reasonable doubt, that the defendant, Billy Strong, was acting as an accessory, or accomplice as above charged, in the keeping, controlling, or running a public gaming house, as charged in the information, he is under the law a principal in the commission of the offense; if you find and believe that such an offense was committed."

Again he charges the jury: "Before you can convict defendant, you must find and believe from the evidence, beyond a reasonable doubt that he was, as charged, proprietor, or manager of a public gaming house, or

that, as charged, he did run as principal, or accomplice, as above defined, a public gaming house as alleged in the information."

Exception is reserved to the charge as given and instructions specially requested, seeking to correct those incongruous and illegal charges. Special charges were refused and the question is presented. These charges are erroneous. In Houston v. State, 13 Texas Crim. App., 595, the proposition is announced as being the law, that in misdemeanors, all particeps criminis, before the fact, are guilty as principals. In other words, that where a man is charged with being a principal in a misdemeanor, and the evidence shows that he was either a principal or an accomplice, as those terms are defined by statute law of this State, he would be a principal and could be convicted under the information charging him as principal. This case has been followed in Rape v. State, 34 Texas Crim. Rep., 615; in Beuchert's case, 37 Texas Crim. Rep., 505; Winnard v. State, 30 S. W. Rep., 555; Buchanan v. State, 33 S. W. Rep., 339; and in Segars case, 40 Texas Crim. Rep., 577.

Mr. Bishop lays down the same rule in 1 Bishop's Criminal Law, secs. 656 and 685. But under all these authorities, in order to obtain a conviction under this character of case, the party must be connected with the offense actually committed, and his act must precede or be immediately connected with the main fact. At common law and under the English decisions, the party must be, either principal in the first or second degree, or an accessory before the fact. In Texas, however, we have no accessories before the fact, defined as such, but they are termed under our law, accomplices. An accessory, in Texas, is one who knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest or trial, or the execution of his sentence. Then it is evident from the reading of the definition of an accessory, that he can not be connected with the crime, and is only connected with the offender if that offender has committed an offense and is seeking to avoid a trial, or an arrest or the execution of his sentence. An accessory, therefore, can not be connected with the offense, and could not be guilty of the commission of the main offense. That phase of the charge which authorizes the conviction of appellant, as an accessory, is not warranted by the law.

There is another contention which occurs to us may be sound. By the definition of the statute under which appellant was convicted, it is necessary that the offending party be either, the proprietor, the manager, or in some way have control of, or run the public gaming place. Unless he is so connected with it, he cannot be guilty. See Mitchell v. State, 34 Texas Crim. Rep., 311; Flynn v. State, 35 Texas Crim. Rep., 220; Cook v. State, 42 Texas Crim. Rep., 539; 61 S. W. Rep., 307; Hamilton v. State, 60 S. W. Rep., 39. The Mitchell case was slightly qualified in the Flynn case. Mitchell was charged with violating the disorderly house statute, which confined the punishment to owners, lessees, and tenants. It was held in that case that only owners, lessees and tenants could be punished. The Flynn case is distinguished by reason of the variant

facts, from the Mitchell case. In Flynn's case it is stated that he had charge and control of the house, and, for the purposes of this prosecution, he was the owner thereof. Under article 426, Code Criminal Procedure, he was sufficiently owner to bring him within the meaning of the statute. The rule laid down in the Mitchell case was based upon the proposition that where the statute, by express terms, limits the punishment to certain classes, or for the doing of certain acts, that it is only those who are brought by the facts under such definition, that are amenable.

This, we think, is a sound rule and supported by the authorities generally. Mr. Bishop says in section 657 of his work on criminal law, "If the terms of a statute distinctly limit the penalty to persons who participate in the act only in a certain way, these terms furnish the rule for the court. Or, if the expression is general, then, if the offense is of minor turpitude, and especially if the thing is only malum prohibitum, the courts, by construction, will limit its operation to those persons who are more particularly within the reason or the expressed words of the enactment." See Mitchell's case, supra, and Stamper v. The Commonwealth, 7 Bush., 612–614.

Looking at the terms of this law as they are very plainly expressed, it is evident the Legislature intended to limit under this statute, the punishment to those only who are either proprietor, manager, or in control of, or who run a public gaming house. Upon another trial, if it should occur, the charge should so instruct the jury. This is a case entirely of circumstantial evidence, and among the main facts, if not the main fact itself, upon which the State relied, is that appellant had rented the house, the upper portion of which was shown to be a place where people gambled. No one ever saw appellant in charge of the gaming room, or in any way managing or controlling it, and the conclusion arrived at by the jury, of his guilt, is evidently predicated very largely, if not mainly, upon the facts that he had rented the entire house, the lower part of which was run as a cigar stand and billiard and pool room. There are some other facts in connection with it, which tended to aid the main fact, but we are not discussing the facts, or the weight of them, but simply to illustrate the statement that it is a case of circumstantial evidence and the facts must be strong enough to exclude every reasonable hypothesis, except the guilt of appellant, and that these facts are sufficient within the meaning of the statute.

With these general remarks in regard to the errors assigned upon the charge, and refusal of special instructions, without going into detail, we think they are sufficient to indicate that upon another trial, the charges must be brought within the rule announced by the cited authorities. The errors assigned upon the argument of the prosecuting attorney, are not discussed, for they will hardly occur upon another trial; and we desire to urge again upon the prosecuting officers, the advisability of keeping strictly within the record in their arguments before the jury. Indulging arguments, beyond the record, serve only to jeopardize the conviction when obtained. While we commend the zeal of attorneys

upon either side in discharging their duties to their cause, yet, the law will and does place a limit upon the length to which these arguments may be carried and when they have passed this boundary limit, the conviction is more or less jeopardized. Such arguments can do no good and often result in harm and the case should be so tried by the prosecution that when a judgment has been obtained, the record will be free of error.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Henderson, Judge, absent.