## STUBBLEFIELD v. JONES et al.
### (No. 1200.)

(Court of Civil Appeals of Texas. El Paso. April 14, 1921. Rehearing Denied May 5, 1921.)

1. **Landlord and tenant** &⫯104—**Subletting forfeits lease.**

Under Rev. St. art. 5489, a subletting of a part of the demised premises without the landlord's consent renders the lease contract, at the landlord's option, subject to forfeiture.

2. **Landlord and tenant** &⫯1—**Reservation of payment of rent not essential to relation; "tenant."**

The relation of landlord and tenant is always created by contract, either express or implied; but the reservation or payment of rent is not essential to the creation of the relation, though it is a usual incident of a tenancy, for a "tenant" is one occupying the lands or premises of another in subordination to that other's title, and with his consent express or implied.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tenant.]

3. **Landlord and tenant** &⫯104—**Lease held forfeited by unauthorized subletting.**

Under Rev. St. art. 5489, forbidding unauthorized subletting, a lease was forfeited by a subletting where the sublessees occupied a portion of the premises under the lessees with their consent; it being immaterial that the lessees' consent was given subject to the landlord's approval, or that no consideration moved from the sublessees to the lessees for the use and occupancy of the premises, or that the lessees permitted the sublessees to go into possession as an accommodation and courtesy to the sublessees, or that the sublessees' occupation was merely temporary.

4. **Appeal and error** &⫯719(8)—**Failure to render judgment in accordance with verdict reviewable in absence of assignment of error.**

It being the statutory duty of the trial court to render judgment in accordance with the jury's verdict unless the same be set aside and a new trial granted, a failure so to do presents a fundamental error which can and should be considered by the Court of Civil Appeals whether properly assigned or not.

5. **Appeal and error** &⫯281(2)—**In case tried on special issues, motion for new trial not necessary to perfect appeal.**

Under Rev. St. arts. 1990, 1991, where a case has been tried upon special issues, a motion for new trial is not necessary to perfect the appeal.

Walthall, J., dissenting.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by J. R. Stubblefield against F. A. Jones and another. From judgment for defendants, plaintiff appeals. Reversed and remanded.

Cyrus B. Frost, of Eastland, B. W. Patterson, of Cisco, and J. R. Stubblefield, of Eastland, for appellant.

M. J. Smith and Conner & McRae, all of Eastland, for appellees.

HIGGINS, J. Appellant brought this suit against F. A. Jones and J. C. Allison, appellees, to recover possession of a portion of a building in the town of Eastland and to recover the rental value of same. The basis of the suit for possession was that Jones & Allison, lessees of the property, had forfeited their rights under a lease contract whereby the premises had been let by Stubblefield to them, because they had sublet a portion of the premises to Lykins & Boyd without Stubblefield's consent, for which reason the latter had elected to forfeit and terminate the lease contract. The defendants specially denied that they had sublet any part of the building. However, in this connection they alleged that—

"When they learned plaintiff was making the contention that the defendants had sublet a portion of said building, that an effort was made on their part to explain the true facts and conditions as they existed at said time, and have ever since existed, unto the plaintiff herein, and informed plaintiff that K. S. Lykins and one Joe G. Boyd were being allowed by the defendants through courtesy to temporarily remain in the front portion of said building used and occupied by the defendants as an office, and without the payment of any rents, or the entering into of any rental contract, until these defendants had an opportunity to seek the consent of the plaintiff herein, authorizing them to enter into a rental contract with said Lykins and Boyd."

The material facts are as follows: Stubblefield leased a portion of the building to Jones & Allison by written contract for a period of five years from April 10, 1918. The contract did not provide that the appellees could sublet the premises or any portion thereof without the consent of the landlord. About March 1, 1919, Lykins & Boyd, with the consent of the appellees, entered into possession of a portion of the leased premises agreeing to pay therefor $25 a month, but appellees expressly stipulated that the arrangement was subject to the consent of the appellant thereto. About a week later Stubblefield became advised that Lykins & Boyd were thus occupying a portion of the building, and he declined to consent thereto and declared a forfeiture of the lease on the ground that a part of the premises had been sublet to Lykins & Boyd without his consent. Lykins & Boyd had occupied the portion of the premises assigned to them by the appellees for about a week prior to the action taken by Stubblefield, and they promptly vacated the premises when Stubblefield declined to assent to the arrangement.

The case was submitted to a jury upon

230 S.W.—46

special issues. The issues and answers, as pertinent to the appeal, are as follows:

"Question No. 1: Did the defendants, F. A. Jones and J. C. Allison, or either of them, on or about the 1st day of March, 1919, subrent a part of the premises described in the plaintiff's petition to Lykins & Boyd, a firm composed of J. S. Lykins and Joe G. Boyd?

"In this connection, you are instructed that in a contract of subtenantry or subleasing under the facts of this case there must be an agreement and understanding between the parties to the effect that Jones-Allison Company consented to the use and occupancy of a part of the building in controversy, and that some consideration would move to said Jones-Allison Company either directly or indirectly as a result of such use and occupancy of said building by said Lykins & Boyd."

"We answer: No."

And this issue submitted at request of plaintiff:

"Gentlemen of the Jury: Did the defendants, or either of them, agree with Lykins & Boyd, that the said Lykins & Boyd could use and occupy any part of the building in controversy as a place in which to transact real estate business?

"Answer: Yes."

Judgment was rendered denying the relief sought, and Stubblefield appeals.

[1, 2] If there was a subletting of a part of the demised premises without the consent of the landlord, the lease contract, at the option of the landlord, was subject to forfeiture. Article 5489, Revised Statutes; Hudgins v. Bowes, 110 S. W. 178. In our opinion the special answer of the defendants, the undisputed evidence establishing the facts above indicated, and the answer of the jury to the special issue requested by the plaintiff, establishes a subletting. Question No. 1, submitted in the general charge of the court, is predicated upon the theory that there was not a subletting unless there was an agreement whereby Jones & Allison consented to the occupancy of a part of the building by Lykins & Boyd upon a consideration moving to Jones & Allison for such use and occupancy. The relation of landlord and tenant is always created by contract, either express or implied. The reservation or payment of rent, however, is not essential to the creation of the relation, though it is a usual incident of a tenancy. Alexander v. Gardner, 123 Ky. 552, 96 S. W. 818, 124 Am. St. Rep. 378; Alpine, etc., v. Batsche, 106 Mich. 330, 64 N. W. 196, 29 L. R. A. 576; State v. Page, 1 Speers 408 (S. C.) 40 Am. Dec. 608.

In Wood on Landlord and Tenant, § 1, it is said:

"A tenant is one who occupies the lands or premises of another, in subordination to that other's title, and with his consent, express or implied."

[3] This definition was quoted with approval by Chief Justice Stayton, in Forrest v. Durnell, 86 Tex. 647, 26 S. W. 481, and it was there held that any person who sustains such a relation to property and its owner is within the meaning of the statute a tenant upon whose property the landlord has a lien to secure rent 'whether such person be a lessee, an assignee, or only a subtenant. Tested by the definition of Mr. Wood, it seems clear to the majority that Lykins & Boyd became subtenants of Allison & Jones, for they occupied a portion of the premises under them and with their consent. It matters not that' their consent was given subject to the approval of Stubblefield. That was simply a condition of the contract and does not alter the fact that Lykins & Boyd went into possession under Allison & Jones and with the latter's express consent. Nor does it make any difference under the cited authorities that no consideration moved from Lykins & Boyd to the appellees for the use and occupancy of the premises. The want of any consideration would affect the character of the tenancy as it would by implication create a tenancy at will. Harris v. Frink, 49 N. Y. 24, 10 Am. Rep. 318; Rich v. Bolton, 46 Vt. 84, 14 Am. Rep. 615.

The fact that Allison & Jones permitted Lykins & Boyd to go into possession as an accommodation and courtesy presents no defense. The statute against subletting does not exempt from its operation a subletting made as an accommodation and courtesy to the subtenant. Neither does the statute exempt from its operation a temporary subletting. The statute in question is for the benefit of the landlord and is intended to empower and secure to him the right to say who shall occupy his premises. Markowitz v. Greenwall Theatrical Circuit Co., 75 S. W. 74; Forrest v. Durnell, supra.

The purpose of the statute, in large measure, would be defeated if it were held that a temporary subletting is not forbidden thereby, or that a subletting as a matter of accommodation and courtesy was not inhibited. The majority are therefore of the opinion that the undisputed facts and the jury's findings to the plaintiff's special issue establishes a subletting, and that this finding is controlling over the answer to question No. 1, for the reason that, in the light of the court's instruction, the special answer, and the undisputed evidence, the jury in response to question No. 1 simply found that no consideration moved to Jones & Allison for the use and occupancy by Lykins & Boyd. We think that judgment for Stubblefield should have been rendered upon the finding to the issue submitted by him. If this view, as to the controlling effect of the latter finding, be not correct, then we think that the same is in such conflict with the finding upon question No. 1 that there was no proper basis for the rendition of the judgment, and a new trial should have been ordered.

[4, 5] Upon the return of the verdict herein, plaintiff filed a motion to render judgment thereon in his favor. This motion was overruled and judgment rendered for the defendants over the objection and exception of the plaintiff. Motion for new trial was not filed in the court below, nor are any assignments of error incorporated in the transcript. In appellant's brief he has presented as his assignments of error the various paragraphs of his motion to render judgment upon the verdict. These are not proper assignments of error, and the case is before this court without proper assignments. It is the statutory duty of the trial court, however, to render judgment in accordance with the verdict of the jury, unless the same be set aside and a new trial granted, and a failure so to do, in our opinion, presents a fundamental error which can and should be considered by this court whether properly assigned or not. This observation is made in view of the objection made by the appellees that there are no properly assigned errors of which this court can take notice. It is further objected by the appellees that this appeal is not properly presented because the appellant failed to file a motion for a new trial in the court below. This objection is not well taken for the reason that a motion for new trial was not necessary to perfect the appeal; the case having been tried upon special issues. Articles 1990, 1991, Revised Statutes; Varley v. Nichols-Shepard Sales Co., 191 S. W. 611; Rudasill v. Rudasill, 219 S. W. 843.

Appellant asks that the judgment be reversed and here rendered for the possession of the premises and the reasonable rental value thereof from the date he elected to cancel the lease to the date of trial. This cannot be done for the reason that the reasonable rental value was for the determination of the jury, and this was not found by the jury because they were instructed not to find the same if they answered question No. 1 in the negative. In the absence of a finding by the jury upon that issue, this court cannot properly render a final judgment disposing of all the issues.

Judge WALTHALL is of the opinion that the case should be affirmed on the ground that the uncontroverted evidence shows affirmatively that Lykins & Boyd were let into the building subject to the consent of the landlord, and, Stubblefield not consenting, there was no such subletting contract between Jones & Allison and Lykins & Boyd as would justify a forfeiture of the lease between Stubblefield and Jones & Allison.

For the reasons indicated, the cause is reversed and remanded.