### JEFFERS et al. v. DENT. (No. 7453.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 9, 1925. Rehearing Denied Feb. 17, 1926.)

1. Judgment ⬛256(2)—Judgment for conversion of live stock, ignoring special issues as to plaintiff's salary and cost of operating automobiles, held erroneous.

In action by ranch manager against owners for conversion of live stock, where court submitted to jury special issues as to plaintiff's salary and expense of operating certain automobiles, it was error for him to ignore answers to such issues and to render judgment only as to items deemed correct, since verdict must stand or fall as whole.

2. Trial ⬛426.

Errors in submitting special issues to jury cannot be cured by ignoring answers thereto, since verdict must stand or fall as a whole.

Error from District Court, Mason County; J. H. McLean, Judge.

Action by J. J. Dent against S. L. Jeffers and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Lewright & Lewright, of San Antonio, and Carl Runge, of Mason, for plaintiffs in error.

Afred P. C. Petsch, of Fredericksburg, and Lamar Thaxton, of Mason, for defendant in error.

FLY, C. J. This is a suit instituted by defendant in error against S. L. Jeffers, Frances Jeffers, and Steve Jennings to recover damages for the conversion of "1 Jersey cream colored cow and heifer calf; 1 brown colored Jersey cow and her bull calf; 14 head of hogs, including one Poland-China-Essex sow of the market value of $10; 10 head of Walker Wolf dogs of the market value of $50 each; 17 head of chickens, including 6 thoroughbred game chickens of the market value of $3 each." It may be gathered from the pleadings that prior to July 1, 1921, defendant in error was employed by S. L. Jeffers as the manager of the James River ranch, partly in Mason and partly in Kimble county, and the property of defendant in error was on the ranch by virtue of such employment. He alleged when his contract of employment expired plaintiffs in error promised to send the property to Kerrville for defendant in error, such transportation being a part of the consideration of the settlement between the parties.

Plaintiffs in error did not send the property to Kerrville, and when it was demanded plaintiffs in error refused to allow defendant in error to take possession of his property. He claimed that the detention of the cows caused him a loss of 50 cents a day in milk from each cow, the whole amounting to $74. He also alleged that after filing this suit and service of a writ of sequestration plaintiffs in error delivered to defendant in error in Kerrville the Poland-China-Essex sow valued at $10, 6 game chickens of the value of $18, and the 10 Walker dogs of the aggregate value of $500. Defendant in error sought to recover $74, the value of the milk of which he was deprived, and the value of the remaining property. He claimed that the total amount of his damages was $602.

The cause was submitted to a jury on special issues and on the responses to some of them judgment was rendered in favor of defendant in error as against plaintiffs in error S. L. Jeffers and Frances Jeffers in the sum of $602. Judgment was rendered in favor of Steve Jennings.

The jury found that defendant in error was receiving for his services as manager of the ranch $166.66 per month, that the value of the use of the two Jersey cows for 74 days was $74, that it was agreed between plaintiffs in error and defendant in error that all expenses incident to the operation of two automobiles should be borne by the Jeffers, and that such expenses were $626.78. The court struck out the findings as to salary and car expenses, and rendered judgment for $602 in favor of defendant in error. The findings as to salary and automobile were based on is-

sues presented in a supplemental petition, but not in the amended original petition.

[1, 2] If the court was authorized to submit an issue as to salary and expenses incident to the operation of two automobiles, he had no authority to ignore the answers of the jury in response to the questions asked and render a judgment only on the items found by the jury which the court deemed correct. The verdict must stand or fall as a whole, and errors in submitting issues cannot be cured by a court ignoring the answers of juries to certain issues. John J. Grissom v. R. S. Lopez, 280 S. W. 613, this day handed down by this court, and the authorities therein cited. The court, in the judgment, after declaring that Dent should recover for the conversion of 10 dogs, 1 hog and 6 chickens in the sum of $528, and $74 for retention of two Jersey cows, stated:

"And it further appearing to the court that the plaintiff is not entitled to recover the amount claimed for additional salary and the amount claimed to be due to plaintiff for car expenses, it is considered that plaintiff do not recover of defendants for either of said items."

In other words, the court deliberately set aside parts of the verdict and rendered judgment on other parts. This the court had no right or authority to do. The verdict in its entirety must form the basis for a judgment, and, if one part of the jury's verdict is set aside, all must be set aside. Scott v. National Bank (Tex. Civ. App.) 66 S. W. 485. Such failure to follow a verdict is fundamental error. Stubblefield v. Jones (Tex. Civ. App.) 230 S. W. 720.

The motion for a rehearing is granted, our former judgment affirming the judgment is set aside, our former opinion is withdrawn, and the judgment of the lower court is reversed and the cause remanded.