

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXWILSONXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable Shelburne H. Glover
County Attorney
Marion County
Jefferson, Texas

Dear Sir:

Opinion No. O-3236
Re: Interpretation of Article
30lb, Vernon's Annotated Penal
Code.

This is in reply to your letter of February 28,
1941, requesting the opinion of this Department upon the
following questions arising under Article 30lb, Vernon's
Annotated Penal Code:

"1. Would it be a violation of the law
for an operator of an automobile to pass a
school bus which did not have signs on each
side showing the words 'School Bus?'

"2. Is it a violation of the law for a
driver of a school bus to operate such vehicle
where the words 'School Bus' appear only on the
ends of said vehicle?"

Article 30lb reads as follows:

"Section 1. All vehicles used for the
transportation of pupils to and/or from any
school or college, shall have a sign on the front
and rear and on each side of said vehicle, showing
the words 'School Bus' and said words shall be
plainly readable in letters not less than six (6)
inches in height. It shall be the duty of the
operator of such 'School Bus' vehicle to see that
such signs are displayed as above provided, and
it shall be unlawful to operate any such 'School
Bus' vehicle unless such signs are so displayed
thereon. When any such 'School Bus' vehicle stops,
every operator of a motor vehicle or motorcycle
approaching the same from any direction shall
bring such motor vehicle or motorcycle to a full
stop before proceeding in any direction; and in
event such 'School Bus' vehicle is receiving and/

or discharging passengers, the said operator of
such motor vehicle or motorcycle shall not start
up or attempt to pass in any direction until the
said 'School Bus' vehicle has finished receiving
and/or discharging its passengers.

"Section 2.  Any party who violates any of
the provisions of Section 1 of this Act shall,
upon conviction thereof, be guilty of a misdemeanor,
and upon conviction thereof, shall be fined not less
than Ten ($10.00) Dollars nor more than Five Hundred
($500.00) Dollars, or confined in the county jail
not to exceed ninety (90) days, or both such fine
and imprisonment; provided, however, that if death
results to any person, caused either actually or
remotely by a noncompliance and/or violation of
any of the provisions of this Act, then and in
that event, the party or parties so offending shall
be punished as is now provided by law."

Note that all vehicles used for the transportation
of pupils to and from any school or college are required to
have a sign on the front, rear and on each side of the ve-
hicle showing the words 'School Bus.'  These words must be
plainly readable in letters not less than six inches in height.
It is unlawful to operate a school bus unless these signs
are so displayed.  Every operator of a motor vehicle is re-
quired to bring his vehicle to a stop before proceeding "when
any such 'School Bus' vehicle stops."

Articles 1, 3 and 7 of the Penal Code read as fol-
lows:

"Article 1.  The design of enacting this code
is to define in plain language every offense against
the laws of this State, and to affix to each offense
its proper punishment."

"Article 3.  In order that the system of penal
law in force in this State may be complete within it-
self, and that no system of foreign laws, written or
unwritten, may be appealed to, it is declared that
no person shall be punished for any act or omission,
unless the same is made a penal offense, and a penalty
is affixed thereto by the written law of this State."

"Article 7.  This Code and every other law
upon the subject of crime which may be enacted shall
be construed according to the plain import of the
language in which it is written, without regard to

the distinction usually made between the construction of penal laws and laws upon other subjects; and no person shall be punished for an offense which is not made penal by the plain import of the words of a law."

In Murray v. State, 21 Cr. App. 620, 57 Am. Rep. 623, 2 S.W. 757, the appellants were convicted for wilfully and mischievously injuring a locomotive engine under a statute making it unlawful to destroy or injure "growing fruit, corn, grain, or other agricultural products or property, real or personal." The court dismissed the prosecution and on motion for rehearing, quoted the following with approval:

"'The legitimate function of courts is to _interpret_ the legislative will, not to supplement it, or to supply it. The judiciary must limit themselves to expounding the law; they cannot make it. It belongs only to the legislative department to create crimes and ordain punishments. Accordingly, courts, in the construction of statutable offenses, have always regarded it as their plain duty cautiously to keep clearly within the expressed will of the legislature, lest otherwise they shall hold an act or an omission to be a crime, and punish it, when in fact the legislature had never so intended it. "If this rule is violated," says Chief Justice Best, "the fate of the accused person is decided by the arbitrary discretion of the judges, and not by the express authority of the laws." The principle that the legislative intent is to be found, if possible, in the enactment itself, and that the statutes are not to be extended by construction to cases not fairly and clearly embraced in their terms, is one of great importance to the citizen. The courts have no power to create offenses, but if , by a latitudinarian construction, they construe cases not provided for to be within the legislative enactments, it is manifest that the safety and liberty of the citizen are put in peril, and that the legislative domain has been invaded. Of course, an enactment is not to be frittered away by forced constructions, by metaphysical niceties, or mere verbal and sharp criticisms. Nevertheless the doctrine is fundamental in English and American law that there can be no constructive offenses; that, before a man can be punished, his case must be plainly and unmistakably within the statute, _and,_ _if there be any fair doubt whether the statute em-_ _braces it, that doubt is to be resolved in favor of_

the accused. These principles of law admit of
no dispute, and have been often declared by the
highest courts, and by no tribunal more clearly
than the supreme court of the United States; ***'"

In Strong v. State (Ct. Cr. App. 1907), 52 Tex.
Cr. Rep. 133, 105 S.W. 785, the court said:

"* * * The rule laid down in the Mitchell
Case was based upon the proposition that where
the statute, by express terms, limits the punish-
ment to certain classes, or for the doing of cer-
tain acts, that it is only those who are brought
by the facts under such definition that are amen-
able. This, we think, is a sound rule, and sup-
ported by the authorities generally. * * *"

Adverting to Article 301b, the plain import of the
language used is that "such 'School Bus'" refers to a bus
displaying the required signs. By the plain language of the
article it is only a violation of law to pass such a bus
without stopping.

It is elementary that an accused is entitled to
every safeguard afforded him by law. Here for the protection
of all concerned, the law requires a "School Bus" to be so
designated in letters at least six inches high on each and
every side of the vehicle. One has violated Article 301b of
the Penal Code only when he passes such a bus without stop-
ping. As you so aptly put it,

"I reason that if the words had been on
the sides of the bus, the operator of the passing
vehicle might have seen them and stopped and that
he was entitled to every warning that the law pro-
vided before a conviction would be sustained."

Before one may be prosecuted his acts must fall
within the letter and spirit of the statute. Waldstein v.
State, 20 Tex. Cr. App. 82, 14 S.W. 394. If there is any
doubt whether a statute embraces an accused's actions, that
doubt will be resolved in his favor. Murray v. State, supra.

Accordingly, it is our opinion that your first
question should be answered in the negative.

Your second question is answered in the affirmative
by the very language of Article 301b. It provides:

"It shall be the duty of the operator of

such 'School Bus' vehicle to see that such signs are displayed as above provided, and it shall be unlawful to operate any such 'School Bus' vehicle unless such signs are so displayed thereon."

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/James D. Smullen
James D. Smullen
Assistant

JDS:js:wc


APPROVED MARCH 29, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman