# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00308-CR

**Kodjo Tossow aka Kodjo V. Amegnisso-Tossou, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. 606847, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kodjo Tossow appeals from his conviction of the offense of criminal trespass. *See* Tex. Pen. Code Ann. ' 30.05 (West Supp. 2003). The trial court assessed appellant=s punishment at confinement in the Travis County jail for ten days. In his sole point of error, appellant asserts that the evidence is legally insufficient to support his conviction. We will affirm.

A person commits the offense of criminal trespass if he enters or remains in a building of another without effective consent and he had notice that the entry was forbidden or received notice to depart but failed to do so. *See id*. ' 30.05(a)(1), (2). Appellant was charged by information with intentionally and knowingly remaining on the property of another without effective consent after he had prior notice that remaining on the property was forbidden.

Appellant waived a jury trial and entered a not guilty plea before the trial court. The evidence shows that the Push-Up Foundation is a residential treatment center for people with alcohol and drug problems. On December 31, 2001, appellant was admitted to the center for substance abuse treatment. While he was there, he Apretty much@ broke every rule for at least four weeks and was advised of these violations often. He came and went as he pleased, in violation of curfews. He missed required counseling group meetings. He refused to perform assignments and paperwork that were part of his treatment program. He did not sign in and out of Push-Up=s logbook. He refused to look for a job, and he failed to fill out a job search log. He did not pay his monthly treatment fees after the first month. Finally, after advising appellant many times of these unexcused absences and infractions and their consequences, on February 12, 2002, the center=s staff told him he would have to leave. Appellant accepted this, packed his things and left that same morning.

By 4:30 that afternoon, he was back. Sandra Hobson, a counselor with the Push-Up Foundation, asked him to leave again. He refused. Enraged and foul-mouthed, appellant threatened Hobson. He advanced on her as though to strike her, but another staff member pushed Hobson out of the way. Hobson then called the police.

Austin police officers tried to resolve the situation peaceably by issuing appellant a criminal trespass warning to see if he would voluntarily depart. Hobson also gave him another criminal trespass warning in the officers= presence. Appellant pretended at first that he did not understand English; however, he responded that he lived there and was not leaving. After appellant became aggressive and stated that he was not going to leave, he turned around and put his hands behind his back and told police, AYou just need to take me to jail because I=m not going to leave.@ The officers handcuffed him and placed him under arrest.

Appellant testified in his own defense and contradicted the State=s witnesses= testimony. The judge specifically found that appellant=s testimony was not credible.

In reviewing the legal sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); *Aiken v. State*, 36 S.W.3d 131, 132 (Tex. App.CAustin 2000, pet. ref=d). Appellant=s argument that the evidence is legally insufficient rests upon his claim that he was a tenant of the Push-Up Foundation.[1] Appellant insists that as a tenant of the Push-Up Foundation, and not having been lawfully evicted through court proceedings,[2] he was lawfully on the premises and was not a trespasser. Appellant=s claim that he was a tenant is based primarily on his contention that he was paying rent to the Push-Up Foundation. To show that he was paying rent, appellant offered in evidence an AAddress Verification Form,@ Defendant=s Exhibit One.[3]

---

[1] Appellant also claims that a bona fide dispute between appellant and the Push-Up Foundation regarding appellant=s right of access to the Push-Up Foundation property precluded his conviction for criminal trespass. He cites *Hann v. State*, 771 S.W.2d 731 (Tex. App.CFort Worth 1989, no pet.). In that case, the defendant did not claim to be a tenant. The dispute was whether the defendant had effective consent to be on the complainant=s property. The facts in *Hann* are distinguishable; if not, we decline to follow it in this case.

[2] *See* Tex. Prop. Code Ann. Title 8 (West 1995 & Supp. 2003).

[3] Defense Exhibit One:

### Address Verification Form

Date: 1-3-02

Dear Social Service provider:

This letter is to confirm that Kodjo V. Amegnisso SS# [SS# omitted] resides at 1711 E. Cesar Chavez St., Austin, Tx. 78702. This program is the mens transitional housing program for men. The above mentioned clients monthly rent

An obvious ambiguity on the face of the AAddress Verification Form@ is whether the $250 was a payment for Amonthly rent@ or payment for a Aprogram fee.@ This form was given to appellant so that he could attempt to obtain money for his rent or for the program fee from Travis County or some organization that would help pay his rent or program fee. A Push-Up Foundation substance abuse counselor testified: AWe don=t charge [clients] rent, we only charge them program fees, . . . Travis County is paying for [appellant] the first month there.@ Further, the counselor testified that there were five clients staying in the room where appellant stayed.

---

is (program fee) is 250.00. And the client=s rent for the month(s) of Jan. in the amount of 250.00 is past due. Please provide any assistance possible to the above resident. If you have any questions, please call my office at (512) 236-9629.

Thank you,


Dexter Allen
Men=s Case Manager

In resolving the question raised by appellant, we must determine whether he was a Atenant.@

A statute defines Atenant@ as a person who is authorized by a lease to occupy a dwelling to the exclusion of others and, for the purposes of Subchapters D, E, and F,[4] who is obligated under the lease to pay rent. Tex. Prop. Code Ann. ' 92.001(6) (West 1995).

The landlord and tenant relationship is also defined by case law. ATo create the relation of landlord and tenant, no particular words are necessary, but it is indispensible that it should appear to have been the intention of one party to dispossess himself of the premises and the other to occupy them.@ *Brown v. Johnson*, 12 S.W.2d 543, 545 (Tex. 1929). A tenant must have some right of tenancy, by contract, express or implied. *Bates v. State*, 76 S.W. 462, 463 (Tex. Crim. App. 1903). AA tenant is one who occupies the lands or premises of another in subordination to the other=s title, and with his assent, express or implied.@ *Forrest v. Durnell*, 26 S.W. 481, 482 (Tex. 1894); *see also Hoffmann v. Chapman*, 170 S.W.2d 496, 498 (Tex. Civ. App.CEl Paso 1942, writ ref=d); *Redgrave v. Schmitz*, 584 S.W.2d 374, 376 (Tex. Civ. App.CSan Antonio 1979, no writ). Tenancy implies a right of possession in the tenant exclusive even of the landlord. *Cleveland v. Milner*, 170 S.W.2d 472, 475 (Tex. 1943); *Byrd v. Feilding*, 238 S.W.2d 614, 616 (Tex. Civ. App.CAmarillo 1951, no writ). The right of exclusive

---

[4] Subchapters D, E, and F, Tex. Prop. Code Ann. '' 92.151-92.2611 (West 1995, Supp. 2003), relate to security devices, the disclosure of ownership and management, and smoke detectors. None of these provisions, D, E, or F, are applicable in this case.

possession is one of the essential elements of tenancy. *Mallam v. Trans-Texas Airways*, 227 S.W.2d 344, 346 (Tex. Civ. App.CEl Paso 1949, no writ).

AThe relation of landlord and tenant is always created by contract, either express or implied. The reservation or payment of rent, however, is not essential to the creation of the relation, though it is a usual incident of tenancy.@ *Stubblefield v. Jones*, 230 S.W. 720, 721 (Tex. Civ. App.CEl Paso 1921, writ ref=d). AAn occupant of real estate may be found to have been a tenant of the owner of the property although there appears to have been no express contract between them either written or oral, and although the occupant may not have agreed or become obligated to pay rental or other consideration.@ *City of Tyler v. Ingram*, 164 S.W.2d 516, 520 (Tex. 1942). The relation of landlord and tenant is a question of fact and may be proved or disproved by parol evidence. *Brown*, 12 S.W.2d at 545.

Summarizing, it appears that a tenancy creating an estate in real property requires an express written or oral lease-contract or a lease-contract implied from the circumstances and acts of the parties showing an intent to become landlord and tenant. Evidence of the mere payment of rent is not sufficient to establish the relation of landlord and tenant. *See City of Tyler*, 164 S.W.2d at 520; *Stubblefield*, 230 S.W. at 721.

Here, there is no evidence of a written or oral contract. The evidence fails to show the intent of the parties for appellant to occupy a room or other property to the exclusion of others, including the Push-Up Foundation. The mere payment of rent, if appellant did pay rent, is insufficient to show that he was a tenant of the Push-Up Foundation. We hold that the evidence, when viewed in the light most favorable to the prosecution, is sufficient for any rational trier of fact to find that the essential elements of

criminal trespass were proved beyond a reasonable doubt.  The evidence is legally sufficient to support

appellant=s conviction.  Appellant=s point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Law, Justices B. A. Smith and Dally [*]

Affirmed

Filed:  March 6, 2003

Do Not Publish

\* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).