TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00308-CR







Kodjo Tossow aka Kodjo V. Amegnisso-Tossou, Appellant




v.




The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY


NO. 606847, HONORABLE MIKE DENTON, JUDGE PRESIDING







M E M O R A N D U M O P I N I O N



 Appellant Kodjo Tossow appeals from his conviction of the offense of criminal
trespass. See Tex. Pen. Code Ann. § 30.05 (West Supp. 2003). The trial court assessed appellant's
punishment at confinement in the Travis County jail for ten days. In his sole point of error, appellant
asserts that the evidence is legally insufficient to support his conviction. We will affirm.

 A person commits the offense of criminal trespass if he enters or remains in a building
of another without effective consent and he had notice that the entry was forbidden or received notice
to depart but failed to do so. See id. § 30.05(a)(1), (2). Appellant was charged by information with
intentionally and knowingly remaining on the property of another without effective consent after he
had prior notice that remaining on the property was forbidden.

 Appellant waived a jury trial and entered a not guilty plea before the trial court. The
evidence shows that the Push-Up Foundation is a residential treatment center for people with alcohol
and drug problems. On December 31, 2001, appellant was admitted to the center for substance abuse
treatment. While he was there, he "pretty much" broke every rule for at least four weeks and was
advised of these violations often. He came and went as he pleased, in violation of curfews. He
missed required counseling group meetings. He refused to perform assignments and paperwork that
were part of his treatment program. He did not sign in and out of Push-Up's logbook. He refused
to look for a job, and he failed to fill out a job search log. He did not pay his monthly treatment fees
after the first month. Finally, after advising appellant many times of these unexcused absences and
infractions and their consequences, on February 12, 2002, the center's staff told him he would have
to leave. Appellant accepted this, packed his things and left that same morning.

 By 4:30 that afternoon, he was back. Sandra Hobson, a counselor with the Push-Up
Foundation, asked him to leave again. He refused. Enraged and foul-mouthed, appellant threatened
Hobson. He advanced on her as though to strike her, but another staff member pushed Hobson out
of the way. Hobson then called the police.

 Austin police officers tried to resolve the situation peaceably by issuing appellant a
criminal trespass warning to see if he would voluntarily depart. Hobson also gave him another
criminal trespass warning in the officers' presence. Appellant pretended at first that he did not
understand English; however, he responded that he lived there and was not leaving. After appellant
became aggressive and stated that he was not going to leave, he turned around and put his hands
behind his back and told police, "You just need to take me to jail because I'm not going to leave." 
The officers handcuffed him and placed him under arrest. Appellant testified in his own defense and
contradicted the State's witnesses' testimony. The judge specifically found that appellant's
testimony was not credible. 

 In reviewing the legal sufficiency of the evidence, the relevant question is whether,
after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995);
Aiken v. State, 36 S.W.3d 131, 132 (Tex. App.--Austin 2000, pet. ref'd). Appellant's argument that
the evidence is legally insufficient rests upon his claim that he was a tenant of the Push-Up
Foundation. (1) Appellant insists that as a tenant of the Push-Up Foundation, and not having been
lawfully evicted through court proceedings, (2) he was lawfully on the premises and was not a
trespasser. Appellant's claim that he was a tenant is based primarily on his contention that he was
paying rent to the Push-Up Foundation. To show that he was paying rent, appellant offered in
evidence an "Address Verification Form," Defendant's Exhibit One. (3) 

 An obvious ambiguity on the face of the "Address Verification Form" is whether the
$250 was a payment for "monthly rent" or payment for a "program fee." This form was given to
appellant so that he could attempt to obtain money for his rent or for the program fee from Travis
County or some organization that would help pay his rent or program fee. A Push-Up Foundation
substance abuse counselor testified: "We don't charge [clients] rent, we only charge them program
fees, . . . Travis County is paying for [appellant] the first month there." Further, the counselor
testified that there were five clients staying in the room where appellant stayed. 

 In resolving the question raised by appellant, we must determine whether he was a
"tenant." A statute defines "tenant" as a person who is authorized by a lease to occupy a dwelling
to the exclusion of others and, for the purposes of Subchapters D, E, and F, (4) who is obligated under
the lease to pay rent. Tex. Prop. Code Ann. § 92.001(6) (West 1995). 

 The landlord and tenant relationship is also defined by case law. "To create the
relation of landlord and tenant, no particular words are necessary, but it is indispensible that it should
appear to have been the intention of one party to dispossess himself of the premises and the other
to occupy them." Brown v. Johnson, 12 S.W.2d 543, 545 (Tex. 1929). A tenant must have some
right of tenancy, by contract, express or implied. Bates v. State, 76 S.W. 462, 463 (Tex. Crim. App.
1903). "A tenant is one who occupies the lands or premises of another in subordination to the
other's title, and with his assent, express or implied." Forrest v. Durnell, 26 S.W. 481, 482 (Tex.
1894); see also Hoffmann v. Chapman, 170 S.W.2d 496, 498 (Tex. Civ. App.--El Paso 1942, writ
ref'd); Redgrave v. Schmitz, 584 S.W.2d 374, 376 (Tex. Civ. App.--San Antonio 1979, no writ). 
Tenancy implies a right of possession in the tenant exclusive even of the landlord. Cleveland v.
Milner, 170 S.W.2d 472, 475 (Tex. 1943); Byrd v. Feilding, 238 S.W.2d 614, 616 (Tex. Civ.
App.--Amarillo 1951, no writ). The right of exclusive possession is one of the essential elements
of tenancy. Mallam v. Trans-Texas Airways, 227 S.W.2d 344, 346 (Tex. Civ. App.--El Paso 1949,
no writ). 

 "The relation of landlord and tenant is always created by contract, either express or
implied. The reservation or payment of rent, however, is not essential to the creation of the relation,
though it is a usual incident of tenancy." Stubblefield v. Jones, 230 S.W. 720, 721 (Tex. Civ.
App.--El Paso 1921, writ ref'd). "An occupant of real estate may be found to have been a tenant
of the owner of the property although there appears to have been no express contract between them
either written or oral, and although the occupant may not have agreed or become obligated to pay
rental or other consideration." City of Tyler v. Ingram, 164 S.W.2d 516, 520 (Tex. 1942). The
relation of landlord and tenant is a question of fact and may be proved or disproved by parol
evidence. Brown, 12 S.W.2d at 545. 

 Summarizing, it appears that a tenancy creating an estate in real property requires an
express written or oral lease-contract or a lease-contract implied from the circumstances and acts of
the parties showing an intent to become landlord and tenant. Evidence of the mere payment of rent
is not sufficient to establish the relation of landlord and tenant. See City of Tyler, 164 S.W.2d at 520;
Stubblefield, 230 S.W. at 721.

 Here, there is no evidence of a written or oral contract. The evidence fails to show
the intent of the parties for appellant to occupy a room or other property to the exclusion of others,
including the Push-Up Foundation. The mere payment of rent, if appellant did pay rent, is
insufficient to show that he was a tenant of the Push-Up Foundation. We hold that the evidence,
when viewed in the light most favorable to the prosecution, is sufficient for any rational trier of fact
to find that the essential elements of criminal trespass were proved beyond a reasonable doubt. The
evidence is legally sufficient to support appellant's conviction. Appellant's point of error is
overruled.

 The judgment is affirmed.



 __________________________________________

 Carl E. F. Dally, Justice

Before Chief Justice Law, Justices B. A. Smith and Dally *

Affirmed

Filed: March 6, 2003

Do Not Publish




















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   Appellant also claims that a bona fide dispute between appellant and the Push-Up
Foundation regarding appellant's right of access to the Push-Up Foundation property precluded his
conviction for criminal trespass. He cites Hann v. State, 771 S.W.2d 731 (Tex. App.--Fort Worth
1989, no pet.). In that case, the defendant did not claim to be a tenant. The dispute was whether the
defendant had effective consent to be on the complainant's property. The facts in Hann are
distinguishable; if not, we decline to follow it in this case.
2.   See Tex. Prop. Code Ann. Title 8 (West 1995 & Supp. 2003).
3.   Defense Exhibit One:

Address Verification Form


Date: 1-3-02


Dear Social Service provider:


This letter is to confirm that Kodjo V. Amegnisso SS# [SS# omitted] resides at
1711 E. Cesar Chavez St., Austin, Tx. 78702. This program is the mens
transitional housing program for men. The above mentioned clients monthly rent
is (program fee) is 250.00. And the client's rent for the month(s) of Jan. in the
amount of 250.00 is past due. Please provide any assistance possible to the
above resident. If you have any questions, please call my office at (512) 236-9629.


Thank you,



Dexter Allen

Men's Case Manager
4.   Subchapters D, E, and F, Tex. Prop. Code Ann. §§ 92.151-92.2611 (West 1995, Supp.
2003), relate to security devices, the disclosure of ownership and management, and smoke detectors. 
None of these provisions, D, E, or F, are applicable in this case.