## HUSE MERCHANT v. STATE.

No. A-2325. Opinion Filed May 13, 1916.

(157 Pac. 272.)

1. **INDICTMENT AND INFORMATION—Requisites of Accusation —Certainty.** An information should charge the crime alleged to have been committed with precision and certainty and where an information is so unintelligible as to fail to disclose under what particular provision of the penal code the prosecution is conducted, a demurrer thereto should be sustained.

2. **INDICTMENT AND INFORMATION—Requisites of Accusation —Certainty.** One charged with crime is entitled to be advised by the indictment or information of the nature of the offense against which he is to defend.

3. **ASSAULT AND BATTERY—Aggravated Assault.** There is no such crime known to the laws of this state as aggravated assault.

*Appeal from District Court, Stephens County;*
*Hon. Frank M. Bailey, Judge.*

Huse Merchant was convicted of assault and appeals. Reversed.

*Bond & Sandlin,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. Plaintiff in error, Huse Merchant, was convicted at the April, 1914, term of the District Court of Stephens county on a charge of assault with intent to kill and his punishment fixed at a year in the state penitentiary.

The information upon which the judgment is based charges that:

"The said Huse Merchant . . .; did wilfully, unlawfully and feloniously, and with malice aforethought, and with a premeditated design to effect the death of one Bill Green, did then and there, with a certain automatic pistol, loaded with powder and balls, being a dangerous weapon, likely to produce death, which

the defendant then and there had and held in his hands, made an assault on the said Bill Green, and did then and there attempt to shoot the said Bill Green with said automatic pistol, and did then and there strike the said Bill Green on the face and head with said pistol, thereby and by the force of said blows did cut and bruise the face and head of the said Bill Green, inflicting grievous and dangerous wounds, done and accomplished with wilful, unlawful and felonious intent, with malice aforethought, and with a premeditated design to kill and murder the said Bill Green."

The verdict returned by the jury after deliberating and duly considering said cause is as follows:

"We, the jury, drawn, impaneled, and sworn in the above entitled cause, do upon our oaths, find the defendant, Huse Merchant, guilty of an aggravated assault as charged in the information herein and fix his punishment at one year in the state prison."

Proper objection was made to the sufficiency of the information in due time.

The sufficiency of the verdict was also raised opportunely.

The information does not state an offense under any one section of statute. Evidently it was the intention of the pleader when he began to charge an attempt to shoot under section 2336, which is as follows:

"Any person who intentionally and wrongfully shoots, shoots at, or attempts to shoot at another, with any kind of firearm, airgun or other means whatever, with intent to kill any person, or who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding ten years."

He wound up by endeavoring to charge an offense under section 2344, which is the provision penalizing assault with sharp and dangerous weapon with intent to do bodily harm, and is as follows:

"Any person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or airgun, or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

This court has been exceedingly liberal in upholding the sufficiency of poorly drawn informations. We feel, however, that a precedent which would permit prosecuting attorneys to become so reckless in drawing informations as this, would not be in the interest of justice, and is not necessary. If Merchant is to be tried for attempting to shoot at Green, then the information should so charge. If he is to be tried for assaulting Green by striking him either with a club or a pistol, then the information should so charge. It should not attempt to charge both and result in charging neither. The demurrer should have been sustained and a new information filed.

The objection made to the verdict is not necessarily fatal in that the jury fixed the punishment at a year in the penitentiary. This probably is sufficient to indicate clearly that the jury intended to find the defendant guilty of a felony, to-wit: of assault with a sharp and dangerous weapon with intent to do bodily harm. If this was the only irregularity in the record the judgment could be upheld. There is no such crime known to the laws of this state as "aggravated assault." If the jury had found the defendant guilty, without fixing the punishment, the judgment would have to be reversed on that ground alone.

There are numerous errors complained of in the petition in error and argued in the brief. The propositions urged, however, are ones that have been previously considered by the court and no necessity is indicated for consuming time in further consideration thereof now.

For the reason that the error discussed so warrants, the judgment is reversed.

DOYLE, P. J., concurs; FURMAN, J., absent.