## LOREN HEMPHILL v. STATE.

No. A-7871.  Dec. 17, 1931.
(6 Pac. [2d] 450.)

Roberts & Clark, E. B. Hunt, and William T. Rye, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was by information jointly charged with George Durbin with the larceny of domestic fowls, was tried separately, convicted, and sentenced to serve a term of two years in the state penitentiary. Motion for new trial and arrest of judgment was filed, considered, and overruled; defendant excepted and appeals.

The charging part of the information is as follows:

"That Loren Hemphill and George Durbin, did, in Craig county, in the state of Oklahoma, on or about the 15th day of October, in the year of our Lord, nineteen hundred and twenty-nine, and anterior to the presentment hereof, commit the crime of larceny of domestic fowls."

Before the defendant was arraigned, omitting the caption and signature, the following demurrer was filed:

"Comes now the defendant and demurs to the information filed herein, for the reason that the same does not state facts sufficient to constitute a felony; the crime attempted to be charged, or any crime under the laws of the state of Oklahoma, of which this court has jurisdiction under the record in this case."

The demurrer of the defendant was by the court overruled, and exceptions saved.

Section 20, art. 2, of the Bill of Rights, in part is as follows:

The defendant "shall be informed of the nature and cause of the accusation against him and have a copy

thereof, and be confronted with the witnesses against him, and have compulsory process for obtaining witnesses in his behalf."

Section 2555, C. O. S. 1921, is as follows:

"The indictment or information must contain: First. The title of the action, specifying the name of the court to which the indictment or information is presented, and the names of the parties. Second. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

It is argued by the defendant that the information is insufficient for the. reason that it does not state sufficient facts to advise the defendant of the charge against him. The statute under which the defendant is charged makes it a felony for any person found guilty of stealing domestic fowls. The term as used in the statute, "domestic fowls," includes many kind of fowls, and the word "domestic" is used to distinguish them from wild or untamed fowls. Chickens, turkeys, geese, ducks, and guineas, and many others, come within the definition of domestic fowls.

The defendant could not tell from the allegations in the information, until the state introduced its proof, as to what class of domestic fowls the state was seeking to convict him of stealing. It might have started to introduce its proof that the defendant was guilty of stealing ducks and changed its theory before the testimony was closed and attempted to charge the defendant with having stolen turkeys, geese, or chickens.

Section 2556, C. O. S. 1921, provides:

"The indictment or information must be direct and certain as it regards: First. The party charged. Second. The offense charged. Third. The particular cir-

cumstances of the offense charged, when they are necessary to constitute a complete offense."

In Isaah v. State, 24 Okla. Cr. 174, 216 Pac. 950, the court said:

"The information must contain a statement of the acts constituting the offense, and it is not sufficient to charge the offense in the words of the statute, when the particular circumstances of the offense charged are necessary to constitute a complete offense."

In Merchant v. State, 12 Okla. Cr. 360, 157 Pac. 272, the court said:

"One charged with crime is entitled to be advised by the indictment or information of the nature of the offense against which he is to defend."

In 25 Cyc. 75, the author makes the following statement:

"The description must be sufficiently certain to enable the jury to identify the property described in the indictment with that referred to by the evidence, and to show the court that the property is a subject of larceny."

It is further stated that, when the indictment or information referred to domestic animals used for food, it should give the name of the animal. 36 C. J. 854; and 17 R. C. L. 58, is to the same effect.

In Abrams v. State, 13 Okla. Cr. 11, 161 Pac. 331, 332, the court, in the third, fourth, and fifth paragraphs of the syllabus, used the following language:

"3. Since every person is presumed to be innocent until proved guilty, it logically follows that he must be presumed also to be ignorant of what is intended to be proved against him, except as he is informed by the indictment or information.

"4. Where words or terms used in the statute have no technical or precise meaning which of themselves imply or define the offense, then the indictment or information must set forth the particular things or acts charged to have been done with reasonable certainty and distinctness.

"5. It is not a technical, but a sound and fundamental, rule of criminal procedure that the accused must be apprised at the outset by the indictment or information with reasonable certainty of the nature and cause of the accusation against him."

See Wilcox v. State, 13 Okla. Cr. 599, 166 Pac. 74; Cole v. State, 15 Okla. Cr. 361, 177 Pac. 129.

It is clear from an examination of the information and statutes relating to larceny of domestic fowls that the demurrer of the defendant in this case was well taken, and the court should have sustained the same and required the information to be amended. From the allegations in the information in this case, no one could tell what kind of domestic fowls was alleged to have been stolen by the defendant.

The case is reversed, with directions to the trial court to set aside the judgment, sustain the demurrer, and, if deemed advisable by the court, to order an amended information filed, and proceed further as provided by law.

EDWARDS and CHAPPELL, JJ., concur.