## S. E. HENSON v. STATE.

No. A-7990. Feb. 19, 1932.
(8 Pac [2d] 692.)

Joe W. Simpson and Ed Crossland, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of grand larceny, and his punishment fixed at a term of two and one-half years in the state penitentiary.

Defendant was jointly charged with one Ridenour

and one Castleman with the larceny of oil well casing of the value of $419. He was tried separately. The pipe was stolen from a lease in Washington county, was moved from there to Tulsa, and was later moved and sold in Pawnee county.

At the preliminary Ridenour testified for the state. At the time of the final trial he was out of the state, and transcript of his testimony taken at the preliminary was used. In the final trial Castleman testified for the state.

Defendant contends that the testimony of the claimed accomplices is insufficient to connect him with the original taking, and that, if the evidence of the accomplices should be held sufficient for this purpose, there is no corroboration of the claimed accomplices tending to connect him with the original taking. That the pipe was stolen by Ridenour and Castleman as alleged, was taken to Tulsa where it was put at one location and in two or three days by different truckers moved to another location and later moved to Pawnee county, is beyond dispute. The only testimony tending to connect defendant with the original taking is a single question propounded to Castleman and his answer as follows:

"* * * Q. Go ahead and tell what was said, and where it was? A. Well, he agreed on some pipe, Charlie Ridenour asked Henson if he knew where we could sell a string of hot pipe, and Henson said he could sell all we could get, if we would split the money three ways with him. * * *"

This was not followed up by any testimony that defendant knew that any pipe was to be stolen or agreed that the two claimed accomplices were to steal pipe and deliver to him. Ridenour did not testify to the same effect as Castleman. The substance of his testimony is that the

conversation testified to by Castleman was after the pipe had been stolen and was at Tulsa. This appears in his testimony:

"* * * Q. The first you heard of the pipe was when it was in Tulsa at Thirteenth and the Midland Valley tracks? A. Yes, sir, that is the first; I never had seen it before at all. * * * By the Court: Q. When is the first time that you learned anything about this pipe deal? A. It was when I went to see Posey Short. * * * Q. Is that the first time you had heard anything about this pipe? A. Yes, sir. Q. Where was the pipe at that time? A. It was out on the Midland Valley tracks between Eleventh and Thirteenth. * * * Q. Well, what was said to you at that time about the pipe, that first time that you heard about the pipe, what was said to you and who said it, the first time? What I want to get at is the first time you ever heard about this pipe; was it in West Tulsa? A. Yes, sir. * * * Q. Now, who said it to you at that time—who told you about it? A. Mr. Castleman is the one that told me where the pipe was. Q. What did he tell you? A. Told me he would go three ways with me; told me where the pipe was. * * *"

There is evidence of a dispute and difficulty having arisen between defendant and Ridenour over the division of the money received after the pipe was sold. There is sufficient proof of defendant's connection with the pipe after it had been stolen and was in Tulsa. This tends to prove a receiving of stolen property or an accessory after the fact of the crime of larceny. Section 1522, Comp. St. 1921; Jolliffee v. State, 21 Okla. Cr. 278, 207 Pac. 454; Vann v. State, 21 Okla. Cr. 298, 207 Pac. 102. The evidence that defendant was connected with the original taking of the property stolen is insufficient.

The case is reversed and remanded.

DAVENPORT, P. J., and CHAPPELL, J., concur.