## HARTMAN v. AVELINE.

SUPREME COURT.—*Assignment of Error.*—*Special Finding.*—Where an exception has been duly taken to the conclusions of law drawn by a court from its special finding of the facts in a cause, an assignment of error on appeal to the Supreme Court, which in legal effect, though informally, questions the correctness of such conclusions of law, is sufficient.

SAME.— *Effect of Exception to Conclusions of Law.*—An exception to the conclusions of law admits that the facts have been fully and correctly found.

FUGITIVE FROM JUSTICE.— *Constitution and Laws of the United States.*— *Habeas Corpus.*—Section 7 of the act of March 9th, 1867, 2 R. S. 1876, p. 421, in relation to fugitives from justice, expressly authorizes, and neither section 2 of article 4 of the Constitution of the United States, nor section 5278 of the Revised Statutes of the United States, forbids a court of this State to inquire whether or not the person charged really is a *fugitive* from justice.

Hartman *v.* Aveline.

SAME.— *Governor's Requisition.—Arrest and Surrender of Fugitive.*—The mere recitals contained in the requisition of the Governor of another State, upon the Governor of this State, for an alleged fugitive from justice, are not sufficient of themselves to authorize the arrest and surrender of the alleged fugitive.

SAME.— *Who is not a Fugitive.*—One who, at, and continuously after, the alleged time of the commission of a crime by him in another State, has been within this State, is not a " fugitive from justice."

From the Newton Circuit Court.

*G. W. Plummer* and *J. T. Saunderson,* for appellant.

*J. R. Troxell, P. H. Ward, C. H. Test, J. Coburn* and *E. Bassett,* for appellee.

HOWK, C. J.—This was an application by the appellee, James O. Aveline, to the Newton Circuit Court, for a writ of *habeas corpus.*

In his verified complaint, the appellee alleged, in substance, that he was then in the custody of the appellant, George A. Hartman, and was illegally and wrongfully restrained of his liberty by the appellant, in the town of Kentland, in Newton county, Indiana, on an alleged requisition from the Governor of the State of Illinois to the Governor of the State of Indiana:

" 1.   Because said petitioner is not and was not a fugitive from justice, from the State of Illinois to the State of Indiana, at the time of committing the alleged crime;

" 2.   Because there is no sufficient charge against the said petitioner, either by the laws of Indiana or Illinois, specified in said alleged requisition;

" 3.   Because there is no properly authenticated charge against said petitioner;" and that he, the appellee, was sick and afflicted with the disease of rheumatism, so much that he could not walk, nor dress himself, or undress, without the assistance of some one of his family, and needed the constant attention of his physician and of his family, and could not, at that time, be removed without danger to his health.

Upon this verified complaint, the court awarded a writ of *habeas corpus*, addressed to the appellant, to which writ the appellant made return under oath, in substance, that he had the custody of, and restrained, the appellee at said Newton county, upon a charge of obtaining goods under and by false pretences in writing, and as agent and messenger of Shelby M. Cullom, Governor of the State of Illinois, and by virtue of an order of arrest and warrant, issued under the hand of the Hon. James D. Williams, Governor of the State of Indiana, and the seal of said State, directed to the sheriff of any county in said State, copies of which appointment and order of arrest were attached to and made parts of said return ; that the appellee, who was the identical person named in said warrant and order of arrest, was arrested on December 18th, 1878, by the sheriff of Newton county, Indiana, by virtue of said order of arrest, and, upon a hearing before the judge of the Newton Circuit Court, was delivered to the appellant, as said messenger, by order of said judge, and the appellant had receipted to said sheriff for said appellee ; copies of said sheriff's return to the order of said judge and of the appellant's receipt were attached to and made part of said return ; and that, by virtue of said appointment, order of arrest and order of said judge, the appellant then held possession of the appellee, the person named in said writ of *habeas corpus*, and in obedience to the command of said writ he then produced the body of the appellee in the court below, before the judge thereof, to do and receive what might be ordered concerning him.

To this return, the appellee replied under oath, denying that he was a fugitive from justice, and alleging, among other things, that he was not in the city of Chicago, nor in the State of Illinois, at the time the crime charged against him was alleged to have been committed, nor had he been in said city or State for five years before, nor at any time since that time.

Hartman v. Aveline.

By agreement of the parties, the cause was tried by the court; and an opinion in writing having been rendered by the court, to the effect that the appellee should be discharged, the appellant excepted to this decision. It was then agreed by the parties that said written opinion should be made a part of the record of this cause, without a bill of exceptions, and that it should take the place of, and be considered as, a special finding of facts with the conclusions of law thereon; and, accordingly, it was so ordered by the court.

We set out this written opinion, as follows:

" This is an application for a writ of *habeas corpus*. The facts are as follows:

" On the 18th day of December, 1878, the Governor of this State issued a warrant under his hand and the seal of the State, directed to any sheriff or constable.

" The warrant recites that the Governor of Illinois has, by requisition directed to the Governor of this State, demanded that James O. Aveline be arrested as a fugitive from justice of the State of Illinois, and delivered to George A. Hartman, the agent appointed by the Governor of Illinois to receive said Aveline. The warrant contains a copy of the criminal charge made against said Aveline, which is embraced in an affidavit sworn to before a justice of the peace in Chicago, to the effect that said Aveline did, in Cook county, in the State of Illinois, on August 30th, 1878, by means of certain false and fraudulent representations and pretences, made in writing and signed by said Aveline, of his own responsibility and wealth, obtain from Stitlauer Brothers & Co. credit, and did then and there obtain of said parties goods, merchandise, etc., of the value of $727.55. The warrant commands the officer to arrest said Aveline, and to bring him forthwith before a circuit judge for identification, and, upon his identity being established, that he be then delivered to said agent to be transported

to the State from which he has fled. This warrant came
to the hands of the sheriff of this county on Saturday. He
arrested said Aveline, and the latter, being brought before
the judge of this court, admitted that he was the person
named in the warrant; whereupon the judge made an or-
der directing the sheriff to deliver said Aveline to said
agent, which was done. In that proceeding, no evidence
was introduced or offered, nor was the fact in any way
brought to the attention of the judge, that said Aveline
was in this State, and not in Illinois, at the time of the al-
leged commission of the crime charged against him. After
his delivery to the agent (the defendant in this case), said
Aveline applied to this court for a writ of *habeas corpus*.
The defendant made a return of the writ, accompanied by
copies of the papers under which he restrains the plaintiff
of his liberty. In the trial of the case, after the return of
the writ, it appeared clearly in evidence, that Aveline, at
the time of the alleged commission of the crime charged
against him, was in the town of Kentland, Indiana, where
he has resided eight or ten years last past, that he has not
been in the State of Illinois for four years, nor in the city
of Chicago for eight years. Under the facts thus stated,
the question is presented, whether Aveline is legally in the
custody of said Hartman, as agent of the State of Illinois,
to be transported to that State for trial, under the charge
made against him: One clause of section 2, article 4, of
the constitution of the United States, reads: ' A person
charged in any State with treason, felony, or other crime,
who shall flee from justice, and be found in another State,
shall, on demand of the executive authority of the State
from which he fled, be delivered up, to be removed to the
State having jurisdiction of the crime.'

" The extradition law of the United States, sec. 5278, R.
S. of U. S., prescribes the mode of proceeding under the
constitutional provision quoted. This proceeding relates

to the case of a person fleeing from the state or territory in which he is charged with crime, to another state or territory. To authorize the removal of a person to another state or territory, upon the requisition of the executive authority of such state or territory, it seems necessary, first, that such person must be charged with the commission of a crime in such state or territory; and, secondly, that he must have fled therefrom to another state or territory.

In a proceeding like the present, the question whether Aveline did or did not, in fact, commit the crime charged against him, can not be tried. *Nichols* v. *Cornelius*, 7 Ind. 611; *Robinson* v. *Flanders*, 29 Ind. 10. But the fact can be tried, whether or not he is charged with a crime in Illinois, for, without such charge, the Governor of that State has no legal right to make requisition for him upon the Governor of this State. The fact that such charge has been made is *prima facie* (perhaps conclusively, so far as this case is concerned;) shown by the recitals and the copy of the affidavit contained in the Governor's warrant.

" Being found in this State, in the absence of other proof, Aveline would *prima facie* be a fugitive from the justice of Illinois; but I think he is only *prima facie* so, and that it may be shown, as a matter of fact, that he was not in Illinois, but at his home in this State. at the time of the alleged commission of the crime charged against him.

" It may be assumed, that the State of Illinois has a statute similar to ours, in relation to the commission of crime in that State by persons at the time outside of the State; and it may further be assumed, for the purposes of this case, that the crime charged against Aveline, although perpetrated in Cook county, Illinois, was committed by him while he was at his home in Kentland, Indiana; still this does not, in my opinion, bring the case within the constitutional provisions in reference to the extradition of fugitives from justice. In other words I think the constitutional provi-

sion, and the act of Congress upon the subject, relate only to persons who are personally present in the state or territory when the crime is alleged to have been committed, and who flee thence to another state or territory.

"If the law does not provide for a case like the present, it is an omission which the courts can not supply. Statutes, and even constitutions, in restraint of personal liberty, must be strictly construed. They can have no application beyond their plain meaning.

"I find that the construction thus placed upon the constitution and laws of the United States, respecting the extradition of fugitives from justice, is in harmony with that placed upon the same by our own Legislature, the members of which are bound by an official oath, the same as myself.

"Section 7 of 'An act to regulate the arrest and surrender of fugitives from justice from other states and territories,' approved March 9th, 1867, 2 R. S. 1876, p. 422, reads: 'No citizen or resident of this State shall be surrendered under pretence of being a fugitive from justice from any other state or territory, where it shall be clearly made to appear to the judge holding the examination provided for by the second section of this act, that such citizen or inhabitant was in this State at the time of the alleged commission of the offence, and not in the state or territory from which he is pretended to have fled, and in such case the judge holding the examination shall discharge the person arrested, and forthwith report the facts to the Governor.'

"Finding, as I do, therefore, that there is no legal cause for the restraint of the petitioner, Aveline, an order will be made for his discharge.

(Signed,)       "E. P. HAMMOND, Judge.
"December 20th, 1878."

The appellant excepted to the conclusions of law, and the court rendered judgment for the discharge of the ap-

pellee from the appellant's custody, and from this judgment this appeal is now prosecuted.

In this court the appellant has assigned, as errors, the following decisions of the circuit court:

1. In hearing testimony and inquiring into the facts behind the appellant's return to the writ of *habeas corpus*, the appellee having already been identified;

2. The court had no jurisdiction to inquire as to the whereabouts of the appellee, at the time of the alleged commission of the crime charged;

3. The court erred in holding that the appellee was not a fugitive from justice, from the State of Illinois;

4. That no sufficient cause was shown for discharging the appellee from the appellant's custody, and the court erred in granting a discharge.

The appellant has not assigned as error, in express terms, that the court erred in its conclusions of law upon the facts found, though, perhaps, the third and fourth alleged errors are equivalent to such an assignment. By excepting to the court's conclusions of law, the appellant, in legal effect, admitted that the facts were fully and correctly found by the court, but that it had erred in applying the law to those facts. *Cruzan* v. *Smith*, 41 Ind. 288; *Curry* v. *Miller*, 42 Ind. 320; *Lynch* v. *Jennings*, 43 Ind. 276; *Wharton* v. *Wilson*, 60 Ind. 591. In this case, the controlling facts found by the court were, that, for a long time before, and at the time of, the alleged commission of the crime charged against him, and at no time since, the appellee had not been within the State of Illinois; and that, as to that crime, he had not fled from the State of Illinois, nor to this State, where he had resided for eight or ten years last past; and that, as to that crime, he was not, and could not have been, a fugitive from the justice of the State of Illinois. It is claimed, however, by the appellant's counsel, as we understand them, that the court below had no jurisdiction, un-

der the constitution of the United States and the act of Congress pursuant thereto, to inquire and decide whether or not the appellee had fled from the State of Illinois to this State, or whether or not the appellee was in fact a fugitive from the justice of the State of Illinois, as to the crime charged against him.

Section 2 of article 4 of the constitution of the United States, as we construe its provisions, does not forbid such inquiry and decision by the state courts; nor is there any such prohibition in section 5278 of the Revised Statutes of the United States, which section contains the legislation of Congress on the subject of the extradition of fugitives from justice, as between the different states and territories. Section 7 of the statute of this State in relation to the arrest and surrender of fugitives from justice, which section is set out at length in the special finding of Judge Hammond, *supra*, expressly authorized the proceedings had, and the decision made, in this case.

In the affidavit upon which the Governor of the State of Illinois issued his requisition upon the Governor of this State, for the arrest and surrender of the appellee, it was not charged, that the appellee had fled from the State of Illinois to this State, or that he was a fugitive from the justice of the State of Illinois; nor was it alleged in the appellant's return to the writ issued in this case, that the appellee had so fled, or that he was such fugitive, or that the appellant held him in custody as such fugitive. It seems to us that a citizen ought not to be arrested and surrendered to the authorities of another state or territory, as a fugitive from justice, without some better foundation for his arrest and surrender than the recitals in a governor's requisition. *Ex parte Joseph Smith*, 3 McLean, 121. In Hurd on Habeas Corpus, 2d ed., p. 612, it is said: " There must be an actual fleeing from justice, and of this the governor of the state of whom the demand is made as

well as of the state making it should be satisfied. This is commonly shown by affidavit." 6 Am. Jurist, 226; Lewin Crown Cases, 266; *In re Adams*, 7 Law Rep. 386; *Ex parte Manchester*, 5 Cal. 237.

In conclusion, we hold that no error was committed by the circuit court in its conclusions of law upon the facts found in this case.

The judgment is affirmed, at the appellant's costs.