## WES COLE v. STATE.

No. A-2351. Opinion Filed January 11, 1919.

(177 Pac. 129.)

1. **INDICTMENT AND INFORMATION—Charge in Conjunctive.** An information for a violation of section 2204, Rev. Laws 1910, may properly charge in one count in the conjunctive the several acts prohibited by said section, and a legal conviction had upon proper proof that the defendant did either one of the several acts interdicted by said section.

2. **SAME—Language of Statute.** An information for a violation of section 2204, Rev. Laws 1910, which charges that the defendant did willfully, unlawfully, feloniously. and knowingly feed, lodge, equip, harbor, assist, and conceal named fugitives from justice guilty of a felony, describing said felony, but which fails to aver the acts done by the defendant in equipping. aiding, and concealing said guilty parties, does not meet the requirements of the Code of Criminal Procedure of this state, as such information does not so specifically inform the defendant of the acts constituting the offense charged, and a demurrer thereto should have been sustained.

Appeal from District Court, Custer County;
James R. Tolbert, Jugde.

Wes Cole was convicted of harboring fugitives from justice, and he appeals. Reversed and remanded, with directions to sustain the demurrer to the information.

*James L. Shackelford,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Wes Cole, hereinafter styled defendant, was, by information, charged with harboring fugitives from justice.   Upon his trial the jury rendered a verdict of guilty and fixed his punishment at imprisonment in the penitentiary at hard labor for a term of four years.   The court rendered judgment on the verdict, and to reverse said judgment the defendant prosecutes this appeal.

The information in this case, omitting caption and signature and indorsements, is as follows:

"Now comes E. J. Lindley, county attorney in and for said county and state aforesaid, duly authorized and empowered to inform of all offenses committed and triable therein, and gives the court to know and be informed that one Aubry Clark, one Tom Smith, and one Edward L. Thomas, late of the county of Dewey and state of Oklahoma, on the 8th day of August, in the year of our Lord one thousand nine hundred and eleven (1911), at and within said county and state, did then and there willfully, unlawfully, and feloniously, by means of stealth and fraud, take, steal, and drive away from and out of the possession of one Rolla Ferguson two domestic animals, to wit, one dark brown horse mule and one dark brown mare mule, each about 15 hands high and each weighing about 1,000 pounds, of the property of said Rolla Ferguson, with the felonious intent of them, the said Aubry Clark, Tom Smith, and Edward L. Thomas, then and there to deprive the said owner of the said property and to appropriate the same to their own use and benefit, without the consent of the said Rolla Ferguson, and that one Wes Cole, late of Custer county and state of Oklahoma, afterward, on or about the 9th day of August, in the year of our Lord one thousand nine hundred eleven (1911), at and within the said county of Custer and state of Oklahoma, did then and there willfully, unlawfully, knowingly, and feloniously feed, lodge, equip, harbor, and assist and conceal the said Aubry Clark, Tom Smith, and Edward L. Thomas, said persons being

then and there guilty of the crime of larceny of domestic animals as aforesaid, and fugitives from justice seeking to escape arrest for the crime by them committed as aforesaid, he, the said Wes Cole, then and there well knowing the said Aubry Clark, Tom Smith, and Edward L. Thomas to have done and committed the said crime in the manner and form aforesaid, and he, the said Wes Cole, then and there well knowing the said persons to be fugitives from justice, seeking to escape arrest for the crime by them committed as aforesaid, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

The defendant demurred to the information upon the following grounds:

First. That the said information does not substantially conform to the Code of Criminal Procedure of the state of Oklahoma.

Second. That the information filed herein does not allege facts sufficient to constitute a public offense.

The court overruled the said demurrer, and to the said action of the court the defendant excepted.

This information is for a violation of section 2204, Rev. Laws 1910, which reads:

"Any person who shall knowingly feed, lodge, clothe, arm, equip in whole or in part, harbor, aid, assist or conceal in any manner any person guilty of any felony, or outlaw, or fugitive from justice, or any person seeking to escape arrest for any felony committed within this state or any other state or territory, shall be punished by imprisonment at hard labor in the penitentiary for a period not exceeding ten years."

Said section 2204 makes it unlawful knowingly to feed, or lodge, or clothe, or arm, or equip in whole or in part, or harbor, or aid, assist, or conceal in any manner any person

guilty of a felony, or a fugitive from justice, and upon a proper information charging each of said prohibited acts in the conjunctive the defendant may be legally convicted of doing any one or more of the said several acts interdicted. But the information in this case charges that the defendant did knowingly feed, lodge, equip, harbor, and assist and conceal named fugitives from justice guilty of a felony without specifying how the defendant equipped, harbored, assisted, and concealed the said fugitives from justice, and is too indefinite, and does not specifically inform the defendant of the acts done by him in equipping, aiding, harboring, and concealing said parties, with which he is charged, so as to enable him to prepare his defense.

"The information must be direct and certain as to the offense charged." Section 5739, subd. 2, Revised Code. How would the defendant be able to prepare his defense without being informed by the information how he equipped, or how he assisted, or how he harbored, or how he concealed said fugitives from Justice? Certainly he could not do so, and hence the information in this case does not meet the requirements of the Code of Criminal Procedure of this state, and the court committed prejudicial error in overruling the demurrer to the information.

"The true test of the sufficiency of an indictment is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for the same offense, whether the record shows with accuracy to what extent he may plead his former acquittal or conviction." *(State v. Feeback,* 3 Okla. Cr. 508, 107 Pac. 442.)

In *Fletcher v. State*, 2 Okla. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581, it is held:

"In an indictment or information for committing a statutory offense, the indictment or information may describe the offense in the general language of the statute; but the description must be accompanied by a statement of the particulars essential to constitute the crime or offense with which the defendant is charged, and acquaint the accused with what he must meet upon the trial."

In the body of the opinion it is said:

"It is a general rule of law that ,if an indictment uses the words of a statute, or words of equal import, to this extent the indictment or information is good. But suppose that an indictment for murder, or for an assault, or for larceny, perjury, libel, embezzlement, or for any offense, would simply use the language of the statute, who is bold enough to assert that this is all that the law requires, and that such an indictment or information would be sufficient to charge any offense?"

"In an indictment for committing an offense against a statute, the offense may be described in the general language of the act, but the description must be accompanied by a statement of all the particulars essential to constitute the offense or crime, and to acquaint the accused with what he must meet on trial." *(United States v. Hess*, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516.)

See, also *State v. Vaughn*, 15 Okla. Cr. 187, 175 Pac. 731.

As the error pointed out must work a reversal of the judgment rendered, we deem it unnecessary to consider the other errors assigned.

For the error pointed out, the judgment rendered in this case is reversed and remanded, with direction to sustain demurrer to the information.

DOYLE, P. J., and MATSON, J., concur.