## No. 24066

**Phillip Anthony Britto v.**
**The People of the State of Colorado**
(497 P.2d 325)

Decided May 8, 1972.

Jesse B. Sauceda, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the court

■ Defendant Phillip Anthony Britto was charged with and convicted of vehicular assault as defined in 1965 Perm. Supp., C.R.S. 1963, 13-5-155. In pertinent part, that statute provides:
"(2) Any person with intent to inflict a personal injury upon another, *who operates or drives* any motor vehicle in a

reckless manner. . . and which conduct is the proximate cause of such personal injury, shall be guilty of a felony. . . ." (Emphasis added.)

The defendant's main assignment of error pertains to the failure of the trial court to grant his motion for a judgment of acquittal at the conclusion of the People's case or his motion for judgment notwithstanding the verdict. The defendant's basis for this assignment of error is that the evidence failed to show that he was driving the vehicle or had it under his control at the time the victim was injured. We agree that the evidence before the trial court fails to sustain the charge of vehicular assault. We therefore reverse the judgment of the trial court.

The evidence is uncontroverted that the defendant was in the back seat of the vehicle and the victim, who was outside the car, was attempting to recover his coat from the defendant. The driver of the vehicle put it in forward motion because the victim's father appeared on the scene with a rifle. The defendant had grabbed the victim's wrist causing the victim to be dragged approximately 120 feet.

The statute interdicts one who operates or drives a motor vehicle and as those terms are defined by C.R.S. 1963, 13-1-1(34) and (35), one must be in actual "hands on the wheel" control of the vehicle in order to fall under the statute's interdiction. The defendant here was not operating or driving the motor vehicle, and therefore, could not be guilty of vehicular assault.

Nor can the defendant's conviction be sustained on an accessory theory. The defendant was charged as a principal and the announced theory of the People's case was that the defendant was a principal. During argument on defendant's motion for judgment of acquittal, the trial judge expressed concern that the evidence did not, in effect, reveal that either the defendant or the driver of the vehicle, could be guilty of the offense as a principal and that therefore, the evidence failed to indicate that there was a principal involved.

It is our view that the trial judge was properly concerned regarding the application here of the rules of law pertaining

to principal and accessory; however, in spite of his concern, he denied the defendant's motion for judgment of acquittal.

We take this opportunity therefore to reiterate a principle of law which would appear to be elementary. To successfully convict a defendant of being an accessory, there must be sufficient evidence presented to show that there was, in fact, a principal who was guilty of the crime charged. *Quintana v. People,* 106 Colo. 174, 102 P.2d 486 (1940). It is inconsequential whether or not the principal was ever charged with the criminal offense. *Oaks v. People,* 161 Colo. 561, 424 P.2d 115 (1967).

It is apparent here from the evidence that the driver of the vehicle could not be guilty of vehicular assault because the evidence simply did not indicate in any way that at the time he drove the vehicle forward he had the intent to injure anybody. The intent to injure is one of the essential elements of the crime of vehicular assault. The evidence clearly shows that the defendant could not be an accessory nor could he be a principal.

Under the evidence, a guilty verdict could have been sustained had the defendant been properly charged with any one of a number of criminal offenses which the evidence here established.

The defendant's other assignments of error require no discussion in view of our disposition on the defendant's main assignment of error.

Judgment reversed.

MR. CHIEF JUSTICE PRINGLE not participating.