The STATE of Oklahoma, Appellant,

v.

Zola V. TRUESDELL, Appellee.

No. O-80-39.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1980.

John G. Lanning, Dist. Atty., Eleventh Judicial Dist., for appellant.

No appearance for appellee.

## OPINION

BUSSEY, Judge:

The State has appealed to this Court from a ruling of the District Court in Nowata County, dismissing Case No. CRF–79–41. In that case Zola V. Truesdell was charged with being an accessory to the crime of Shooting With the Intent to Kill after her ex–husband was shot ten times by their twelve–year–old son. There was a preliminary hearing and she was ordered to be held for trial, but at a subsequent motion hearing a district judge ruled that a juvenile cannot commit a felony and that therefore there was no crime to which Ms. Truesdell could have been an accessory.

Before treating the question presented by the State, there is an initial issue in this case which merits discussion even though it was not argued by the parties. The order entered by the judge in this case purports to sustain both a motion to quash the information and a demurrer to the information; but these are two very different pleadings. A demurrer to the information can be sustained only on a few specific grounds–22 O.S.1971, § 504; and except for subsection one, which pertains to grand jury indictments, all the grounds for a demurrer to the information relate to the face of the pleading. Also, unless the court directs otherwise, a sustained demurrer to the information is a bar to any further prosecution for the offense charged–22 O.S. 1971, § 508. A motion to quash, or to set aside, the information, on the other hand, is not a bar to further prosecution–22 O.S. 1971, § 501. And in addition to the specific grounds set forth in 22 O.S.1971, § 493, this pleading is used to challenge the sufficiency of the evidence presented at the preliminary hearing. See, for instance, *State v. Edmondson*, Okl.Cr., 536 P.2d 386 (1975).

Regardless of the label given it, the order in the present case must be considered an order sustaining a motion to quash. It has nothing to do with the demurrer because the ruling was not based on the face of the information, which did not say that the person who did the shooting was a juvenile. This fact was disclosed only in the evidence presented at the preliminary examination. In ruling that the case had to be dismissed because the purported principal in the case was a child, the judge was, in effect, ruling that the evidence presented at the preliminary hearing did not justify ordering Ms. Truesdell held for trial.

In Oklahoma, all parties to a crime are either principals or accessories after the fact. The elements of the crime of accessory after the fact are that the predicate felony be completed, that the offender have knowledge that the person she's aiding (the principal) committed the crime, and that the accessory conceal or aid the principal. Title 21 O.S.1971, § 173. This Court has held that an accessory is not connected with the original crime, but is connected with the offender after the original offense has been committed. *Wilson v. State*, Okl.Cr., 552 P.2d 1404 (1976), *Vann v. State*, 21 Okl.Cr. 298, 207 P. 102 (1922). Thus, the crime of accessory after the fact is a separate and distinct crime, standing on its own particular elements. *Murray v. State*, Okl.Cr., 562 P.2d 1157 (1977), *Wilson v. State*, supra. And because accessory after the fact is a separate and distinct crime, a conviction of the principal is not a condi-

tion precedent to the conviction of an accessory after the fact. See *People v. Jones*, 184 Colo. 96, 518 P.2d 819 (1974), *Britto v. People*, 178 Colo. 216, 497 P.2d 325 (1972).

█ Accordingly, the fact that the principal, the Truesdell child, was not charged with the assault has no bearing on whether Ms. Truesdell has committed the crime of accessory after the fact. The fact that the principal is a minor goes to his legal status, not his factual status, and it is immaterial as to the guilt or innocence of the defendant on the charge of accessory after the fact. A conviction of accessory after the fact depends on whether there is sufficient evidence presented to show that there was a principal who was guilty of the crime charged, regardless of whether or not the principal was ever charged with the criminal offense. *Britto v. People*, supra. Thus it was error for the District Court to dismiss the case.

CORNISH, P. J., and BRETT, J., concur in results.

BRETT, Judge: concurring in results.

I concur that the trial court order be reversed and this matter be remanded for further proceedings. It is clear that the trial court order sustained defendant's motion to quash the information. That order has been properly appealed under the provisions of 22 O.S.1971, § 1053. *Stephens v. Parr*, Okl.Cr., 589 P.2d 1069 (1979). Clearly Laws 1977, c. 42, § 1, 21 O.S.Supp.1977, § 652, now, 21 O.S.Supp.1979, § 652, defines the offense of Shooting With Intent to Kill. 21 O.S.1971, § 173, defines the offense of being an Accessory. The Juvenile Code in Title 10, is a procedural statute describing treatment of a juvenile who commits an offense that would be a felony if committed by an adult.

Therefore, insofar as the reason given for sustaining defendant's motion ("the Court finds that the commission by a juvenile of a felony cannot be the predicate act for accessory to commit said felony as set out in the instant information") was in error, I agree that this matter be REVERSED and REMANDED for further proceedings.