**Ray Bruce FROST, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 43A04–8803–CR–90.**

Court of Appeals of Indiana,
Fourth District.

Aug. 30, 1988.

Kevin L. Likes, Grimm & Grimm P.C., Auburn, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant–Appellant Ray Frost (Frost) appeals his jury conviction for aiding and assisting a criminal or a fugitive, a class D felony, IND.CODE 35–44–3–2.

We reverse.

Because we reverse, we address only the issue of whether the State presented sufficient evidence on each element of the crime charged.

In February, 1987, Rick Griffin's (Griffin) home was burglarized. He believed his fifteen year old son, Jeff, who had run away from home two weeks prior to the incident, was responsible. Griffin believed Jeff was staying at Frost's residence. Po-

lice went to Frost's home and inquired about Jeff. Frost denied Jeff was staying with him. The police informed Frost that Jeff was a runaway and wanted for the burglary and theft of his parents' home.

Approximately two weeks later a guest at Frost's house informed the police Jeff had been living at Frost's the entire time. He explained Frost warned Jeff when police arrived by means of an intercom and Jeff had hidden in a cabinet. Subsequently, a search warrant was obtained and served on Frost. During the search, Jeff was found hiding in the cabinet. He was taken into custody and subsequently adjudged a delinquent child. He was never charged as an adult.

■ Frost was convicted of aiding and assisting a criminal or a fugitive. He correctly contends the State did not present adequate evidence on each element of the crime charged.

IND.CODE 35–44–3–2, in pertinent part, reads:

> Sec. 2. A person not standing in the relation of parent, child, or spouse to another person who has *committed a crime or is a fugitive from justice* who, with intent to hinder the apprehension or punishment of the other person, harbors, conceals, or otherwise assists the person commits assisting a criminal, a Class A misdemeanor. However, the offense is:
>
> (1) a Class D felony if the person assisted has committed a Class B, Class C, or Class D felony; ... (Emphasis supplied).

Frost contends the acts committed by Jeff cannot constitute a crime, as required by statute, because he was a juvenile. IND.CODE 31–6–3–5, in pertinent part reads:

> Sec. 5. (a) A child may not be charged with or convicted of a crime, except a crime excluded by IC 31–6–2–1(b), unless he has been waived to a court having criminal jurisdiction.
>
> (b) A child may not be considered a criminal by reason of an adjudication in a juvenile court nor may such an adjudication be considered a conviction of a crime. Such an adjudication does not

impose any civil disability imposed by conviction of a crime.

It has long been held proceedings in juvenile court are civil in nature and not criminal. *State ex rel. Atkins v. Juvenile Court of Marion County* (1969), 252 Ind. 237, 247 N.E.2d 53, 54. An act of juvenile delinquency is not a crime. *Bible v. State* (1970), 253 Ind. 373, 254 N.E.2d 319, 323.

Here, the State failed to present any evidence indicating Jeff committed a crime. There is no evidence Jeff was waived from juvenile to adult criminal court. Without such waiver, Jeff could not have committed a "crime," as required by IND.CODE 35–44–3–2. The State, therefore, failed to prove Frost assisted a person who had previously committed a crime. Since the State charged Frost with a felony, it had the additional burden of proving Jeff committed a crime which was a felony. It also failed in this effort for the same reasons.

■ Additionally, there is no evidence Jeff is a fugitive from justice. A fugitive from justice is a person who has been charged with criminal activity in one state and flees from that jurisdiction to another state. *Hogan v. O'Neill* (1921), 255 U.S. 52, 41 S.Ct. 222, 223, 65 L.Ed. 497; *Hartman v. Aveline* (1878), 63 Ind. 344. Clearly, Jeff's actions do not come within this definition.

The conviction for aiding and assisting a criminal or fugitive is predicated on the commission of a crime or the presence of a fugitive from justice. The State failed to produce evidence on this requirement; therefore, Frost's conviction must be reversed.

Reversed and remanded with instructions to dismiss these proceedings.

ROBERTSON, J., concurs.

MILLER, J., concurs with separate opinion.

MILLER, Judge, concurring.

I concur.

Assisting (harboring) a criminal falls into the class of crimes that define accessory or

accomplice liability. One assisting a criminal was formerly punished as an accessory after the fact. § 9–103, Burns (1956 Repl.)[1] Criminal liability was predicated upon the *fact* of a commission of a crime independent of the *legal* status of the principal. The following elements of the crime were set out in *Tessely v. State* (1978), 267 Ind. 445, 452, 370 N.E.2d 907, 911:

" '...(1) A felony committed. (2) Appellant did harbor, conceal, or assist the principal, with intent that he should escape detection, arrest, capture, or punishment. (3) Appellant had knowledge of the crime at the time of giving aid or assistance. (4) Appellant is not related to the person committing the ... [felony]' *Smith v. State* (1951), 229 Ind. 546, 99 N.E.2d 417."

This theory of accessory liability is consistent with our presently effective statute IND.CODE 35–41–2–4 which reads as follows:

"Sec. 4. A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) has not been prosecuted for the offense;

(2) has not been convicted of the offense; or

(3) has been acquitted of the offense."

Oklahoma has addressed the question of whether the noncriminal delinquency status of a minor principal serves as a shield against criminal liability for his accessories. In *Shockley v. State* (1986), Okl.Cr., 724 P.2d 256, a father was convicted of harboring a criminal[2] because he concealed his son, who had committed murder, from the county sheriff. The court in upholding the conviction stated:

"Where the principal is a minor, the conviction of the accessory depends upon whether there is sufficient evidence presented to show that there was a principal guilty of the crime charged, and whether or not that principal was ever charged with that offense. *State v. Truesdell*, 620 P.2d 427 (Okl.CR.1980). The fact that our Juvenile Code (Title 10) classifies a particular principal as a delinquent instead of a felon will not allow the accessory to avoid the illegality of his own act." *Id.* at 724 P.2d 258.

In *State v. Truesdell* (1980), Okl.Cr., 620 P.2d 427, a mother was charged with being an accessory after the fact.[3] Her twelve-year-old son, the principal, shot her ex-husband ten times. The court vacated her successful motion to quash holding

"... that an accessory is not connected with the original crime, but is connected with the offender after the original offense has been committed. *Wilson v. State*, Okl.Cr., 552 P.2d 1404 (1976), *Vann v. State*, 21 Okl.Cr. 298, 207 P. 102 (1922). Thus, the crime of accessory after the fact is a separate and distinct crime, standing on its own particular elements. *Murray v. State*, Okl.Cr., 562 P.2d 1157 (1977), *Wilson v. State, supra.*

---

1. § 9–103 Burns (1956 Repl.) read in pertinent part:

"9–103. Accessory after the fact. Every person not standing in the relation of husband or wife, parent or child, to any person guilty of any felony, who shall, after the commission of such crime, harbor, conceal or assist such offender, with intent that he shall escape from detection, capture, arrest or punishment, shall be deemed an accessory after the fact, and may be charged, indicted, tried, convicted and punished, *though the principal be neither charged, indicted, tried nor convicted;* and, on such conviction, he shall suffer the same punishment...." (emphasis added)

2. The statute Shockley was convicted under reads as follows:

"Any person who shall knowingly feed, lodge, clothe, arm, equip in whole or in part, harbor, aid, assist or conceal in any manner any person guilty of any felony, or outlaw, or fugitive from justice, or any person seeking to escape arrest for any felony committed within this state or any other state or territory, shall be punished by imprisonment at hard labor in the penitentiary for a period not exceeding ten (10) years." 21 O.S. 1981, § 440.

3. As applied in *Truesdell*, accessories are defined as:

"All persons who, after the commission of any felony, conceal or aid the offender, with knowledge that he has committed a felony and with intent that he may avoid or escape from arrest, trial, conviction, or punishment, are accessories." 21 O.S. 1971, § 173.

And because accessory after the fact is a separate and distinct crime, a conviction of the principal is not a condition precedent to the conviction of an accessory after the fact. *See People v. Jones,* 184 Colo. 96, 518 P.2d 819 (1974), *Britto v. People,* 178 Colo. 216, 497 P.2d 325 (1972).

Accordingly, the fact that the principal, the Truesdell child, was not charged with the assault has no bearing on whether Ms. Truesdell has committed the crime of accessory after the fact. The fact that the principal is a minor goes to his *legal status,* not his *factual status,* and it is *immaterial as to the guilt or innocence of the defendant on the charge of accessory after the fact.* A conviction of accessory after the fact depends on whether there is sufficient evidence presented to show that there was a principal who was guilty of the crime charged, regardless of whether or not the principal was ever charged with the criminal offense." *Id.* at 620 P.2d 428, 429. (emphasis added)

The rationale of the Oklahoma cases is most persuasive. Considering this rationale and the history of accomplice liability, I believe that the appropriate basis for imposing criminal liability upon accessories is the *factual* and not the *legal* status of the principal.

However, an examination of our legislative history has compelled me to concur with the majority. At one time the following statute would have applied to the case at bar:

> "Whoever, not being husband or wife, parent or child of any person guilty of a felony, knowing him to be such, harbors or conceals such felon *or whoever harbors or conceals a boy or girl, under eighteen (18) years of age knowing the boy or girl to be fleeing from incarceration or to avoid appearance in court or apprehension on a charge of delinquency,* shall, on conviction, be imprisoned ..." IND.CODE 35–1–92–1 as cited in Acts 1976, P.L. 129, Sec. 9 (Repealed by Acts 1977, P.L. 26, Sec. 25) (Emphasis added)

A fundamental rule of statutory construction is that the repeal of a law obliterates its effect. *Payne v. Buchanan* (1958), 238 Ind. 231, 150 N.E.2d 250. The wording of the above statute reveals that the legislature did not consider juveniles in flight to be fleeing felons. The statute's repeal raises the presumption that the legislature no longer intends that criminal liability attach to the concealing of fugitives under the age of eighteen, and, after all, our primary function in this situation is to determine the legislative intent.