**Darcy LAFFERTY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 65A01–0806–CR–314.**

Court of Appeals of Indiana.

Jan. 2, 2009.

William W. Gooden, Mt. Vernon, IN, for Appellant.

Stephen R. Carter, Attorney General of Indiana, Ian McLean, Deputy Attorney General Indianapolis, IN, for Appellee.

## OPINION

GARRARD, Senior Judge.

Darcy Lafferty was charged with assisting a criminal, as a Class D felony. Ind. Code § 35–44–3–2. The offense is a misdemeanor unless the person assisted has committed a Class B, C, or D felony. She was tried by a jury and was convicted of the lesser-included misdemeanor offense. She was sentenced to one year in the county jail with fourteen days executed and the remainder to be served on probation. On appeal, she claims error in the court's refusal to give her tendered final instruction defining "fugitive from justice." She also claims the evidence fails to sustain the verdict.

The statute at issue provides:

A person not standing in the relation of parent, child, or spouse to another person who has committed a crime or is a fugitive from justice who, with intent to hinder the apprehension or punishment of the other person, harbors, conceals, or otherwise assists the person commits assisting a criminal. . . .

The information against Lafferty charged that she "did harbor, conceal, or assist, John Murphy, a person who is a fugitive from justice, to-wit: wanted for felony arrest, with the intent to hinder the apprehension of said person. . . ." Appellant's App. at 11.

At trial, the evidence disclosed that on December 13, 2007, police officer Kenneth Rose secured a warrant for the arrest of John Murphy for possession of methamphetamine. Rose knew Murphy and Lafferty and had occasionally seen them together.

The next day Officer Rose saw Murphy and Lafferty together in the checkout line at a grocery store, and they saw him. While Officer Rose went to the office to summon additional police officers, Murphy and Lafferty left the store. Officer Rose followed and saw Murphy running down the street while Lafferty continued to walk toward her home. Officer Rose went to the alley behind Lafferty's residence to look for Murphy. While he was standing there, Lafferty walked up to him and said, "Kenny, you know he wouldn't go back there." Then Lafferty went in the house and told her father that the police were chasing Murphy. Another officer, Terry Penn, arrived in response to Rose's call and positioned himself where he could see the back and sides of Lafferty's house. A little later Lafferty came outside and told Officer Penn that Murphy was not inside. She said Murphy had called her from a gas station some distance away.

Officer Penn used his radio to ask another officer, Darren Lemburg, to check out the gas station. Officer Lemburg, who worked with a canine unit, determined that Murphy was not at the gas station. He then took his dog back to the grocery store and observed it track Murphy from the store to the back door of Lafferty's residence. At that point, another officer summoned Lafferty to the front door and told her that Murphy was wanted by the police and a canine unit had tracked him to her house. She told the officer that Murphy was not in the residence, and she was going to bed. She then slammed the door shut.

Within a few minutes, Lafferty returned to the front door and said that Murphy was going to give himself up. Murphy then came out and was placed under arrest. Lafferty was also arrested.

The trial court instructed the jury that in order to convict the defendant of either the charged felony offense or the included misdemeanor offense, the State had to prove that the person assisted was a fugitive from justice.

■ Relying on *Frost v. State*, 527 N.E.2d 228 (Ind.Ct.App.1988), defense counsel tendered a proposed final instruction that stated, "A fugitive from justice is a person who is charged with criminal activity in one state and flees from that state to another." The court refused this proposed instruction.

In *Frost*, the court reversed a conviction under I.C. 35–44–3–2. It held that the person assisted was not a person who had "committed a crime" because the person was a juvenile. It further held that there was no evidence that the person assisted was a "fugitive from justice" because "[a] fugitive from justice is a person who has been charged with criminal activity in one state and flees from that jurisdiction to another state." 527 N.E.2d at 229.

This same definition of "fugitive from justice" was reiterated by the court in *Myers v.State*, 765 N.E.2d 663, 667 (Ind. Ct.App.2002).

In the present case, the State elected to charge Lafferty only on the basis that she assisted a fugitive from justice. No evidence was presented at the trial that John Murphy had fled from one state to another.

The State argues that we should employ a broader definition of "fugitive from justice" to refer simply to anyone who evades, flees or hides from officers charged with the administration of the law. It contends that Frost, and by implication Myers, were wrongly decided because the authority cited in Frost in support of the definition concerned the application of extradition statutes. It argues that in that context flight from one state to another is necessarily involved, but that it need not be in the context of Ind.Code § 35–44–3–2.

■ We agree that the legislature intended that Ind.Code § 35–44–3–2 should apply to any defendant who harbors, conceals or otherwise assists a person who is fleeing from the authorities after having committed a crime, regardless of where the crime was committed. We do not believe, however, that it necessary to overrule the holding in Frost, which has existed for twenty years, and was approved by the court in Myers.[1]

What the State overlooks is the alternative charging language contained in the statute. As noted at the outset, the statute also applies to "a person not standing in the relation of parent, child or spouse to another person who has committed a crime, or is a fugitive from justice...."

The plain, usual and ordinary meaning of the phrase "person who has committed a crime" is that it refers to a person who has committed a criminal offense as defined by statute, whether or not that person has been formally charged with the offense. Furthermore, the legislature used the disjunctive "or" when it included fugitives from justice within the statutory prohibition. Use of the disjunctive normally creates a separate or distinct category of persons.

Had the State elected to charge Lafferty as having harbored, concealed or otherwise assisted John Murphy, "a person who has committed a crime," the proof adduced at trial would have been adequate. It chose instead to allege only that Murphy was a fugitive from justice. Yet, as already stated, it produced no evidence that Murphy had fled from one state to another.

Accordingly, we conclude the court erred in failing to give the requested instruction. Moreover, there was a failure

---

1. Our research has failed to disclose any Indiana case questioning or challenging the *Frost* definition.

of proof because no evidence was presented that Murphy had been charged with an offense in another state and fled to Indiana.

The judgment is reversed and the appellant is ordered discharged.

BAKER, C.J., and BRADFORD, J., concur.